Curia, fer

O’Neall, J.
In this case it is necessary to decide, first, in what consists the -offence of retailing. To do so understandingly, it is necessary to go back to the Act of 1783, 4 Stat. at Large, 576. It makes it penal, if any one, without a license, shall retail any wine, brandy, rum’, gin, beer, cider, punch, or any spirituous liquors, or' strong drink, in any quantity less than three gallons. All the subsequent Acts speak of retailing in- -reference to this early enactment. The word “retail,” means- to sell in small quantities.
Is the offence of retailing complete by a single act ?
There are, no doubt, many cases where such a thing was accidental, or' not done for profit, when a jury, as in Ferguson's case, might be justified in acquitting the de» *92 fendant. So, too, as in Williams’s case, 3 Hill, 91, where the act of the clerk is charged to his principal, it must, in some way, be shewn that the act of the former had the sanction, express or implied, of the latter. The course of trade, and sale by the small, in other instances, may be necessary to bring the act of the clerk home to the owner. In general, I have no doubt that a single act of retailing is a violation of the law. For the delivery of any of the prohibited liquors in a “quantity” less than three gallons, for profit, makes the offence of retailing prohibited by the Act. This is fully established by Mooty’s case, 3 Hill, 187, in which my brother Evans has so elaborately discussed, and so clearly proved the point, that it cannot be necessary to re-argue it'. It is true that McBride’s case, 4 McC. 332, seems to have a different bearing; in that case, it is worthy of remark that Judge Colcock, who had been a very experienced Solicitor, dissented from the judgment, and that Judge Johnson, who delivered the opinion, said that “a single act of retailing may furnish a presumption of the consummation of the offence.” It, however, on that occasion, was supposed by this experienced and excellént Judge, that the proof of the offence would be rendered more conclusive if it consisted of a continuation and succession of acts. And hence, he held that a conviction barred all other indictments for retailing anterior to the time at which the bill was found by the grand jury. In this respect, we think that decision is erroneous, and must be overruled. For if the offence consists in a single act, as is shewn by Mooty’s case, it cannot be that it bars a prosecution for any other act.
It is now necessary to consider whether the indictment on which the conviction took place charges one act of retailing, or whether it is a general charge, covering all acts of retailing prior to the finding of the bill. Archbold, in his Criminal Pleading, 41, states the rule to be, that every offence consists of certain acts done or committed, under certain circumstances, and in an indictment for the offence, it is not sufficient to charge the defendant generally. As illustrations, he says that where in an indictment for extortion, it is charged that the defendant “took extorsively *93 for every horse so much,'and for every, twenty sheep, it was holden to be bad.” So to charge that the defendant was a calumniator and a common turbulent breaker of the peace; or..that a constable was guilty of negligence, without specifying the instances, would be .bad. Under these authorities, there can be no doubt, that if the Solicitor had merely charged a retailing “to divers persons” without specification, the indictment could not have been sustained. The only offences properly laid and dbscribed in both indictments, are the respective acts of. retailing to AB and C D. Do the words “and to divers other persons,” although improperly used, and charging sufficiently no offence, enlarge the accusation, or may they be rejected as surplusage ? “Every fact and circumstance laid in an indictment, which is not a necessary ingredient in the offence, may be rejected as surplusage.” Arch. C. P. 42. The retailing “to divers other persons,” it has been shewn, is no part of the offence of a retailing to A B or C D. Hence, they are mere surplusage, and the indictments are to be regarded as standing upon the respective charges of a retailing to A B and C D. In that point-of view, the conviction in one was no bar to the other.-
The motion to reverse the decision below is granted.
Richardson, Evans, Wardlaw and Frost, JJ. concurred.