Frost, J.
delivered the opinion of the Court.
The first ground of appeal, that the principal felon was not a competent witness, has not been urged. There can be no doubt of his competency.—Haslum’s Case, 1 Leach, 418; Walker’s Case, 3 Camp. 264; Roscoe’s Crim. Ev. 813.
The name of George W. Paxton, having been before mentioned in the count, he was identified with sufficient certainty, when afterwards referred to as the said George Paxton — it is not necessary that the name of the defendant, or any other person mentioned in the indictment, should be constantly repeated. The name, when once stated in full, may be abbreviated when it occurs again in the same count or sentence, with a reference to the first statement of it, by-the words “said” or “aforesaid.”—1 Chit. Crim. Law, 204 ; 4 How. St. Trials, 747.
The fourth ground presents the questions, whether it was necessary to name the principal felon in the indictment — and if named, whether it was necessary to prove the fact, as stated.
The Act of 1829, 6lh Stat. 393, provides that “any person who shall buy any such (stolen) goods or chattels, or other property, knowing them to have been stolen,” shall be guilty of a misdemeanor. By the Statute 7 and 8 Geo. 2, c. 29, it is made a felony “if any person shall receive any stolen goods,” &e., such person knowing the same to have been “feloniously stolen and taken.” In the construction of the British statute, it has been held not to be necessary to state in the indictment the name of the principal felon. In Jervis’ Case, 6 Car. and P. 156, it was objected to a count, charging the goods to have been stolen “by a certain evil disposed person,” — -that it ought either to have stated the name of the principal, or else that he was unknown. Tindall, C. J. said the offence created by the Act of Parliament is, not the re *276 ceiving of stolen goods from any particular person, but receiving them, knowing them to have been stolen. The question therefore is, whether the goods were stolen. — and whether the prisoner received them, knowing them to be stolen. In Wheeler’s Case, 7 Car. and P. 170, a count in the same form was held good. These cases apply directly to our Act of Assembly, and this Court adopts the construction established by them.
It is a question of mere doubt whether, if the name of the principal felon be stated, it is necessary that it should be proved. It is a general rule in pleading, that an immaterial averment may be rejected as surplusage, and need not be proved; but questions of great nicety occur in the application of the rule. It is sometimes very difficult to determine whether an averment be material or immaterial. In Phillips’ Ev. 207, (8th ed.) the rule applicable to averments in indictments is stated to be, that if the averment may be entirely omitted, without affecting the charge against the prisoner, and without detriment to the indictment, it will be considered as surplusage, and. may be disregarded in evidence. In Jones’s Case, 2 Barn, and Ad. 611, the indictment charged that the defendant, a surgeon, knowingly, and with intention to deceive, signed a certificate for the admission of a patient into a Lunatic Hospital, without having visited and personally examined the patient. Under the statute, the of-fence consisted in the act of giving the certificate, without its being given with an intention to deceive. The jury negatived the intention to deceive, and found the defendant guilty, subject to the opinion of the Court in the case. Lord Ten-terden asks, is there any authority for saying that if an indictment or a statute contains matter unnecessary to the description of the offence; if it charges the statutable offence, and something more, it is therefore not maintainable? All the Judges agreed that the addition of a circumstance not necessary to constitute the offence, might be rejected. In Roscoe on Grim. Ev. 99, it is said, when the name of a person or place is unnecessarily introduced, it need not be proved. He cites Wardle’s Case, 2 East’s P. C. in which the prisoner was indicted for robbing another in a field, near a highway; and the jury found he was guilty of robbing, but not near the highway, the variance was held to be immaterial. In Pyr’s Case, 2 East’s P. C., the prisoner was indicted for robbing Robert Ferney, in the dwelling-house of Aaron Wilday; but the of-fence was not proved to have been committed in the house of Aaron Wilday. The conviction was held to be proper. In those cases, the place where the robbery was committed was *277 Hot a constituent of the offence, yet it formed part of the description. In this case, the statement of the name of the principal felon was unnecessary. It might be struck out, without taking from the description of the offence any material constituent. According to the rules and cases cited, the conviction may be supported.— though the averment that the goods were stolen by Paxton, was not proved.
It is argued that the misdemeanor of receiving the stolen goods is merged in the offence of being accessary, before the fact, to the larceny. The less is merged in the greater of-fence only when they result from the same act or continuing transaction. Assault and battery are merged in the felony, if death ensues. If one enter a dwelling-house in the night time and commit a larceny, the less offence is merged in the greater. But if a larceny be committed in the day, and a burglary be committed in the same house at night, the of-fences are several and distinct. If in this case the evidence had shown that the defendant was present and aiding in the larceny, he would have been a principal, and could not have been indicted for receiving the stolen goods.—Dyer’s Case, 2’ East’s P. C., and Atwell’s Case, 768. But the offence of instigating Paxton to the commission of the felony, is a distinct act from that of receiving the stolen goods. The defendant may have been accessary to the larceny, and not have received the goods. The offence of being accessary was complete as soon as, by the least removal of the goods, the larceny was complete. After the larceny to which the defendant was accessary was consummated, he was guilty of another criminal act, in buying the stolen goods. The two acts constitute distinct offences, and the misdemeanor is not merged in the offence of being accessary. The motion is dismissed.
O’Neall, J. and Evans, J. concurred.
Withers, J. absent, from indisposition.