## 1638

The STATE, Respondent v. Henry Addison TOLIVER, Appellant.

(403 S.E. (2d) 676)

Court of Appeals

*Assistant Appellate Defender Joseph L. Savitz, III,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Miller W. Shealy, Jr.,* Columbia; and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard March 13, 1991.

Decided April 1, 1991.

GOOLSBY, Judge:

Henry Addison Toliver appeals his conviction upon an indictment charging him, as its caption reads, as the trial court instructed the jury, and as the statement of the case reflects, with possession with intent to distribute crack cocaine within close proximity of a school. Toliver charges the trial court with error in failing to direct a verdict of not guilty because the indictment contained language alleging Toliver "distributed" crack cocaine and, as his exception asserts, "there is no evidence of distribution in the record." We affirm.

The offense of possession with intent to distribute crack cocaine, a controlled substance, within close proximity of a school does not require a showing by the state that the defendant also "distributed" crack cocaine within the proscribed area. *See* S.C. CODE ANN. § 44-53-445 (Supp. 1990) ("It is a separate criminal offense for a person . . . to unlawfully possess with intent to distribute, a controlled substance . . . within a radius of one-half mile of the grounds of a . . . school. . . ."). When, as here, an indictment contains matter unnecessary to the description of the offense, the unnecessary matter may be disregarded as surplusage and no proof thereof is required. *State v. Coppenburg*, 33 S.C.L. (2 Strob.) 273 (1848); *State v. Cassety*, 30 S.C.L. (1 Rich.) 90 (1844); *see Moran v. State*, 170 Ga. App. 837, 318 S.E. (2d) 716 (1984) (the words "with intent to distribute" in an indictment for trafficking in cocaine deemed surplusage and State held not required to prove the defendant had an intent to distribute the cocaine); *State v. Rogers*, 28 N.C. App. 110, 220 S.E. (2d) 398 (1975) (the inclusion of allegations concerning the transportation of heroin was mere surplusage in an indictment charging possession of heroin).

The question, therefore, of whether the record contains evidence that Toliver distributed crack cocaine is of no consequence. The absence of any evidence of distribution did not entitle him to a directed verdict of not guilty since it is enough to establish the offense charged that he possessed crack cocaine with the intent to distribute it within a radius of one-half mile of a school.

Affirmed.

SANDERS, C.J., and BELL, J., concur.