STATE v. A. W. GEORGE.

(Filed 19 November, 1924.)

**Banks and Banking—Officers—False Entries—Criminal Law—Evidence— Questions for Jury—Statutes.**

Upon a trial of an officer of a bank for willfully and fraudulently making a false entry on its books, etc. (chapter 4, section 83, Public Laws 1921), evidence is sufficient to sustain a verdict of conviction which tends to show that the officer charged therewith made out a certificate of deposit for about $2,000, and the stub was made out in his own handwriting, leaving a blank for the amount, which was filled out by another, in pencil, for $20, and that the officer and a subordinate were in exclusive control of the bank at the time, permitting a reasonable inference that he was aware of the false entry on the stub of the amount of the certificate.

APPEAL by defendant from *Lyon, J.,* at April Term, 1924, of SURRY.

Criminal prosecution, tried upon an indictment charging the defendant, an officer of the Farmers and Merchants Bank of Elkin, with willfully and feloniously making a false entry in the books of said bank, with intent to defraud or injure the corporation and to deceive its officers and agents or other persons, in violation of chapter 4, section 83, Public Laws 1921.

From an adverse verdict, and judgment pronounced thereon, the defendant appeals, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. H. Folger for defendant.*

STACY, J. The indictment contains but a single count, and this relates to certificate of deposit No. 1781, for $2,060, issued 10 April, 1921, and the stub of said certificate of deposit, showing only $20. The alleged false entry consists in the erroneous amount of "$20" appearing on the stub, whereas in truth and in fact the certificate of deposit was for $2,060, and the same amount should have been shown on the stub.

Defendant concedes that there is ample evidence on the record to show other false entries made by him during the years 1919 and 1920, and the competency of this evidence is not questioned, as it was offered and admitted only as tending to establish the necessary element of intent, but he stressfully contends there is no sufficient evidence in the case to show that the alleged false entry of $20, as charged in the bill of indictment, was made by him or entered on the stub in question with his

612                    IN THE SUPREME COURT.                    [188

—————————————————————————————————————————————————————————————
STATE *v.* GEORGE.
—————————————————————————————————————————————————————————————

knowledge and consent or at his direction. Exception is taken to the court's refusal to instruct the jury to this effect in response to a prayer of the defendant.

The State concedes that the amount shown on the stub is not in the handwriting of the defendant; but it is established that the defendant made out the certificate of deposit, No. 1781, and filled in the stub, in ink, except the $20 on the stub, which is written in pencil. It is in evidence that the defendant was president and cashier of the bank at this time; that the books and records were under his control; that Mr. Bodenheimer, assistant cashier, was away on account of sickness, and that the defendant and Miss Marjorie Chatham, who held the position of bookkeeper, were the only persons in the bank who knew or could have known the correct amount to be entered on the stub, and there is no evidence that Miss Chatham had any personal knowledge of the transaction. From these facts and circumstances the State contends that if the entry in question was not made by the defendant, it must have been entered on the stub with his knowledge and consent and at his direction. He alone of those in the bank could have furnished the information. Upon this disputed question of fact, the jury, under a clear and pointed charge, directed to the issue, found that the entry was false and that it was entered on the stub in question with the knowledge and consent of the defendant or at his direction, and that it was done with a felonious intent on the part of the defendant to defraud or injure the bank and to deceive its officers and agents or other persons.

The trial resulted in a conviction of the defendant. We are unable to see any error in the particulars assigned. The prayer for a directed verdict of acquittal on the evidence was properly refused.

This position is not at variance with the rule, universally observed in the administration of the criminal law, that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment. *S. v. Wilkerson,* 164 N. C., 444. It has been repeated so often as to become an axiom that "proof without allegation is as unavailing as allegation without proof." *S. v. Snipes,* 185 N. C., 743; *S. v. McWhirter,* 141 N. C., 809; *Dixon v. Davis,* 184 N. C., p. 209; *Green v. Biggs,* 167 N. C., p. 422; *McCoy v. R. R.,* 142 N. C., p. 387. But here the defendant has been convicted of the particular offense charged in the bill of indictment. The evidence, it is true, may not be as direct and positive as it would have been on other counts, had the State seen fit to incorporate them in the bill, but there is ample evidence on the record to afford a permissible inference of all the elements of the crime as charged and to support the verdict.

The remaining exceptions are untenable. The validity of the trial must be sustained.

No error.