STATE v. J. J. LATTIMORE.

(Filed 27 May, 1931.)

1. **Trial B e—Where incompetent evidence is stricken out and the jury instructed not to consider it an exception thereto becomes immaterial.**

   Where the president of a bank in testifying as to the making of false entries on the bank's books by another officer of the bank, under indictment therefor, inadvertently refers to an irrelevant account and has corrected the error after discovering it, whereupon the judge has ordered this testimony stricken from the record and instructed the jury not to consider it, an exception theretofore taken becomes immaterial.

2. **Evidence D g—In this case held: testimony was to matters within knowledge or subject to inspection of witness and was competent.**

   The president of a bank may testify as to false entries made by the secretary and treasurer thereof when the testimony is to matters within the knowledge of the witness or subject to his inspection.

3. **Banks and Banking I a—Specific intent to deceive or defraud is not necessary to conviction of making false entries.**

   A specific intent to deceive or to defraud is not necessary to a conviction of a bank officer or employee of making false entries on the books of the bank under the provisions of section 224(e) N. C. Code of 1927, it being sufficient if the defendant wilfully made such false entries, the performance of the act expressly forbidden by statute constituting an offense in itself without regard to the question of specific intent, section 83 of chapter 4, Public Laws of 1921, having been struck out and superseded by section 16 of chapter 47, Public Laws of 1927, and an instruction to the jury that the issue before them was whether the defendant "knowingly made false entries on the books of the bank" is in accord with the provisions of the statute and is not erroneous.

4. **Same—Instruction as to wilfulness in making false entries on books of bank held not erroneous when considered as a whole.**

   In a prosecution under section 224(e), N. C. Code of 1927, for wilfully making false entries on the books of a bank an instruction to the jury that they should find whether the alleged false entries were made for the purpose of "deceiving and preventing the directors and others from knowing the correct status of the books," will not be held for error, when it appears that the instruction, when taken in connection with the other parts of the charge, was intended to stress and in effect did stress the necessity of proving that the false entries were wilfully and not inadvertently made.

APPEAL by defendant from *Clement, J.,* at January Term, 1931, of CLEVELAND.

The defendant was prosecuted on an indictment containing two counts, each of which charged him with making false entries on the books of the Cleveland Bank and Trust Company, in which he was an officer, in breach of section 224(e) of the N. C. Code of 1927, P. L., 1927, ch. 47, sec. 16.

The jury returned a general verdict: "Guilty thereof in manner and form as charged in the bill of indictment." From the judgment pronounced the defendant appealed and assigned error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Clyde R. Hoey and B. T. Falls for defendant.*

ADAMS, J. William Lineberger testified that he was president of the Cleveland Bank and Trust Company from its organization in 1920 to its merger on 24 February, 1930, with the Union Trust Company, and that during this period the defendant was the secretary and treasurer of the Cleveland Bank and Trust Company and the custodian of its records. Near the beginning of his testimony the witness inadvertently referred to an irrelevant account and upon discovering it corrected the error. The court struck out this testimony and instructed the jury to disregard the questions and the answers. Necessarily the defendant's first exception, which was taken to one of these questions, was thereby eliminated. The question to which the second exception related was not answered; and the matters to which the third, fourth and fifth were addressed were within the knowledge or subject to the inspection of the witness and were therefore competent. The sixth exception may be dismissed with the remark that the witness said he knew nothing of the pencil marks mentioned in the question to which the defendant had objected. The seventh and eighth are obviously without merit and call for no discussion.

The exceptions on which the defendant chiefly relies were taken to the instructions given the jury. After saying that it was immaterial whether or not the defendant actually received the money because he was not prosecuted for abstracting it, the judge gave the following instruction, to which the ninth and tenth exceptions have reference: "The issue that is before you is a very simple issue. There is nothing complicated at all about it. It comes down to this: Did this defendant knowingly make false entries in the books of the bank? Did he knowingly make them? That is the only thing that you are to find out by your verdict. These are the only facts that you are interested in."

The act upon which the defendant was indicted (P. L., 1927, ch. 47, sec. 16), is a modification of the statute enacted by the General Assembly at the session of 1921. P. L., 1921, ch. 4, sec. 83. The act of 1921 provided for the conviction of an officer, employee, agent, or director of a bank upon his doing the acts therein denounced with intent to defraud or injure the bank or another person or corporation, or to

deceive an officer of the bank or an agent appointed to examine the affairs of the bank, or to conceal its true financial condition.

The averments in the indictment are broad enough to include these provisions; but the act of 1927, chapter 47, section 16, struck out section 83, chapter 4, of the Public Laws of 1921, and substituted section 16, which is now section 224(e) of the North Carolina Code of 1927. This substituted section contains the following provisions: "Whoever being an officer, employee, agent, or director of a bank, makes or permits the making of a false statement or certificates, as to a deposit, trust fund or contract, or makes or permits to be made a false entry in a book, report, statement or record of such bank, or conceals or permits to be concealed by any means or manner, the true and correct entries of said bank, or its true and correct transactions,   .   .   .   shall be guilty," etc.

The instruction complained of conforms strictly to the clause which condemns the making of a false entry in a "book, report, statement, or record of a bank," and is free from the alleged error which is the basis of the exception to the foregoing instruction. In effect the clause declares the wilful making of false entries in the books and records of banks by an officer, employee, agent, or director thereof a distinct offense, without regard to the fraudulent intent which, under the substituted section above referred to, applies to the embezzlement, abstraction, and misapplication of funds and to other instances therein particularly specified.

The reason for enacting the amended statute, by which the wilful making of false entries is declared to be a felony, is apparent. The natural and perhaps the unavoidable effect of making false entries in the books and records of a bank is to deceive the officers, to impair the assets, and to maim, if not totally to destroy the business. A specific intent to deceive or to defraud is not essential. It is true that an act may become criminal only by reason of the intent with which it is done, but the performance of an act which is expressly forbidden by statute may constitute an offense in itself without regard to the question of intent. *S. v. King,* 86 N. C., 603; *S. v. R. R.,* 122 N. C., 1052; *S. v. Perley,* 173 N. C., 783; *Perley v. State* 249 U. S., 510.

We do not understand the instruction referred to in exception 11 materially to conflict with instructions previously given; it was intended to stress and in effect did stress the necessity of proving that the alleged false entries were wilfully and not inadvertently made. This is clearly indicated by the concluding words: "This matter, gentlemen, just comes down to this one issue: Did the defendant knowingly make false entries on the bank books?" The following interrogatory—"Did he do it for the purpose of deceiving and preventing the directors and others from knowing the correct status of the books?"—must be taken in con-

nection with other parts of the charge which were intended to point out
the distinction between the wilful and the mistaken entry on the books
of a statement or statements that were false.

Exceptions 12, 13, 14, 15, and 16 relate respectively to the judge's
statement of contentions, to a definition of reasonable doubt, and to a
recital of testimony, and are altogether without merit. So as to the
seventeenth and eighteenth exceptions; the nineteenth and twentieth
are formal.

After a careful examination of all the exceptions we have discovered
no reversible error in the trial. The evidence is amply sufficient to
justify the verdict and the whole controversy seems to have been clearly
and accurately presented to the jury, upon whom devolved the re-
sponsible duty of finding the facts.

The law as administered under the former statute is set forth in *S. v.
Hedgecock,* 185 N. C., 714; *S. v. Switzer,* 187 N. C., 88; *S. v. George,*
188 N. C., 611; *S. v. Maslin,* 195 N. C., 537. We find

No error.