STATE v. CLYDE FOWLER AND FRED BRINCEFIELD.

(Filed 10 January, 1934.)

**Gambling B d—Statute raising presumption of guilt of operating a lottery from possession of tickets, etc., held constitutional.**

Chapter 434, Public Laws of 1933, amending C. S., 4428, which makes the possession of tickets, etc., used in the operation of a lottery prima facie evidence of violation of the section, is constitutional and valid, the presumption being a rational one, and *held further,* under the presumption, the evidence of guilt of one of the defendants was sufficient to be submitted to the jury, but as to the other the evidence was insufficient, and as to him the demurrer to the evidence is sustained.

APPEAL by defendants from *Sink, J.,* at May Term, 1933, of FORSYTH.

Criminal prosecution tried upon an indictment charging the defendants with dealing in a lottery in violation of C. S., 4428, as amended by chapter 434, Public Laws, 1933.

On the morning of 25 May, 1933, about the hour of 9:30 a.m. a number of deputy sheriffs of Forsyth County, armed with a search warrant, entered a house just outside the city limits of Winston-Salem and found the defendants, together with their wives, in the front room. There was no one else in the house except one or two small children. The defendant Fowler said the house was rented by him and that he had been living there a month or six weeks. The defendant Brincefield said he lived on Fourth Street in Winston-Salem, and that he had only been there a short time, about fifteen minutes.

In searching the premises, to which no objection was interposed, the officers found in a closet and an outhouse, or chicken house, certain tickets, paraphernalia and material used in the operation of a lottery.

The defendants demurred to the State's evidence and rested.

Verdict: Guilty as to each of the defendants.

Judgment: Six months on the roads as to each of the defendants.

The defendants appeal, assigning errors.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*John D. Slawter and Sanford W. Brown for defendants.*

STACY, C. J. The evidence is sufficient to carry the case to the jury as against the defendant Fowler. Hence, the verdict and judgment will be upheld as to him.

But with respect to the defendant Brincefield, the evidence does no more than raise a suspicion, somewhat strong perhaps, of his guilt. Therefore, the demurrer to the evidence will be sustained as to him. *S. v. Carter,* 204 N. C., 304, 168 S. E., 204.

The defendants assail the constitutionality of chapter 434, Public Laws 1933, amending C. S., 4428, which makes the possession of tickets, certificates or orders used in the operation of a lottery prima facie evidence of a violation of said section, but the connection between the fact proved and the ultimate fact presumed seems to be a rational one, hence the objection must fail. *S. v. Russell,* 164 N. C., 482, 80 S. E., 66; *S. v. Wilkerson,* 164 N. C., 431, 79 S. E., 888; *S. v. Barrett,* 138 N. C., 630, 50 S. E., 506.

The case is not like *S. v. Griffin,* 154 N. C., 611, 70 S. E., 292, cited and relied upon by defendants.

Reversed as to defendant Brincefield.

No error as to defendant Fowler.