STATE v. MARIE HALES.

(Filed 13 December, 1961.)

**1. Indictment and Warrant § 15—**

A defendant charged with the violation of a criminal statute may challenge the constitutionality of the statute by demurrer or motion to quash.

**2. Constitutional Law § 30—**

The phrase "law of the land" as used in Article I, § 17, of the State Constitution and "due process of law" as used in the Federal Constitution are interchangeable terms.

**3. Constitutional Law § 11; Criminal Law § 1—**

The Legislature in the exercise of the inherent police power of the State may define and punish any act as a crime provided the statute has some substantial relation to the evil sought to be supressed, and the expediency of the enactment is within the province of the Legislature.

**4. Statutes § 4—**

There is a presumption in favor of the constitutionality of a statute, and a statute will be upheld unless it is in conflict with some constitutional provision.

**5. Criminal Law §§ 1, 2—**

The General Assembly may make the doing of a proscribed act a crime irrespective of intent, and whether intent is an element of a statutory offense must be determined from the language of the statute in view of its manifest purpose and design.

**6. Criminal Law §§ 2, 32—**

The presumption of innocence does not preclude the General Assembly from providing by statute that the proof of certain facts should be *prima facie* evidence of an ultimate fact, provided there is a rational connection between the facts proven and the ultimate fact presumed.

**7. Criminal Law §§ 1, 2; Shoplifting—**

G.S. 14-72.1, making it a misdemeanor for a person, without authority, to wilfully conceal goods or merchandise of any store, not theretofore

purchased by such person, while still upon the premises of such store, and providing that the fact of concealment upon the person under such circumstances should be *prima facie* evidence that the concealment was wilful, is constitutional and valid, since the statute has a real and substantial relation to the evil of shoplifting which the statute seeks to suppress. Article I, § 17, Constitution of North Carolina; the Due Process Clause of the Federal Constitution.

**8. Criminal Law § 1—**

A criminal statute must be sufficiently definite in its terms to give notice of the proscribed conduct to a citizen of ordinary understanding and intelligence and enable the court to apply its provisions and a defendant to formulate his defense, but within this limitation only reasonable certainty is required, since a statute must be formulated to apply to variant factual situations to arise in the future.

**9. Same; Shoplifting—**

G.S. 14-72.1 defines the offense of shoplifting with sufficient clarity and definiteness to inform a person of ordinary intelligence and reasonable preception what act it intends to prohibit and omits no essential provisions which go to impress the inhibited acts as being wrongful and criminal, and therefore the statute cannot be declared void for vagueness or uncertainty.

**10. Criminal Law § 2; Shoplifting—**

The term "wilful concealment" as used in G.S. 14-72.1 means that the concealing of goods under the circumstances set out in the statute must be voluntary, intentional, purposeful, and deliberate, without authority and in violation of the law, and such wilfulness is an essential element of the statutory offense of shoplifting.

APPEAL by the State from *Stevens, J.,* March-April 1961 Criminal Term of WILSON.

The defendant was tried in the recorder's court of the city of Wilson on a warrant charging a violation of G.S. 14-72.1, enacted by the General Assembly, Session Laws 1957, Chapter 301. The warrant charges the offense in substantial accord with the words of the statute, and alleges in substance that the defendant on 3 September 1960, without authority, did unlawfully and wilfully conceal on or about her person the goods and merchandise of McLellan's Stores Company in the city of Wilson, to wit, 4 boys' T shirts (2 sizes 6 and 2 sizes 8) valued at $1.00 each, and one pair of girl's white shoes valued at $2.98, not theretofore purchased by her, while still upon the premises of the store. It seems patent that the charged value of the T shirts at $100 each is wrong, and that it should be $1.00 each.

In the recorder's court the defendant entered a plea of Not Guilty. She was found guilty, and fined $25.00 and the costs. From the judgment she appealed to the superior court.

When the case came on for trial in the superior court the defendant demurred to the warrant and moved that it be quashed on the following grounds: One, the offense alleged is not based on a violation of the common law. Two, G.S. 14-72.1 is unconstitutional, because it violates Article I, Section 17, of the North Carolina Constitution, for that G.S. 14-72.1, which attempts to prohibit shoplifting, which is common law larceny, does not require any felonious intent on the part of the person, who, without authority, wilfully conceals, the goods and merchandise of a store, not theretofore purchased by such person, while still upon the premises of such store, and that the provision of the statute which provides "such goods or merchandise found concealed upon or about the person and which have not theretofore been purchased by such person shall be prima facie evidence of a willful concealment," does not require a felonious intent, and because the statute does not inform the defendant with reasonable precision of the act it prohibits; and further because the statute is so general and indefinite that it is void for uncertainty.

The court allowed the motion to quash, and the State, by virtue of G.S. 15-179, appealed to the Supreme Court.

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Assistant Attorney General, for the State.*
*Lucas, Rand and Rose By Z. Hardy Rose for defendant, appellee.*

PARKER, J.   The warrant charges a violation of G.S. 14-72.1. The defendant may challenge the constitutionality of this statute by a demurrer, or by a motion to quash the warrant. *S. v. Glidden Company,* 228 N.C. 664, 46 S.E. 2d 860; 16 C.J.S., Constitutional Law, pp. 343-4.

G.S. 14-72.1 reads: "Whoever, without authority, willfully conceals the goods or merchandise of any store, not theretofore purchased by such person, while still upon the premises of such store, shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not more than one hundred dollars ($100.00), or by imprisonment for not more than six months, or by both such fine and imprisonment. Such goods or merchandise found concealed upon or about the person and which have not theretofore been purchased by such person shall be prima facie evidence of a willful concealment."

Article I, Section 17, of the North Carolina Constitution, states: "No person ought to be taken, imprisoned, or disseized of his freehold, liberties or privileges, or outlawed or exiled, or in any manner deprived of his life, liberty or property, but by the law of the land."

The phrase, "the law of the land," used in the above quoted part of

the State Constitution and "due process of law" are interchangeable terms. *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717.

The Legislature, unless it is limited by constitutional provisions imposed by the State and Federal Constitutions, has the inherent power to define and punish any act as a crime, because it is indisputedly a part of the police power of the State. The expediency of making any such enactment is a matter of which the Legislature is the proper judge. However, the act of the Legislature declaring what shall constitute a crime must have some substantial relation to the ends sought to be accomplished. *S. v. Yarboro,* 194 N.C. 498, 140 S.E. 216; *People v. Belcastro,* 356 Ill. 144, 190 N.E. 301, 92 A.L.R. 1223; 22 C.J.S., Criminal Law, Section 13; 14 Am. Jur., Criminal Law, Sections 16 and 22; Wharton's Criminal Law and Procedure, 1957, Vol. I, Section 16.

In passing upon the constitutionality of this statute there is a presumption that it is constitutional, and it must be so held by the courts, unless it is in conflict with some constitutional provision. *S. v. Warren,* 252 N.C. 690, 114 S.E. 2d 660; *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22.

It is within the power of the Legislature to declare an act criminal irrespective of the intent of the doer of the act. The doing of the act expressly inhibited by the statute constitutes the crime. Whether a criminal intent is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute in view of its manifest purpose and design. *S. v. Correll,* 232 N.C. 696, 62 S.E. 2d 82; *S. v. Lattimore,* 201 N.C. 32, 158 S.E. 741; *Hunter v. S.,* 158 Tenn. 63, 12 S.W. 2d 361, 61 A.L.R. 1148; Wharton's *ibid,* Section 17; 22 C.J.S., Criminal Law, Section 30; 14 Am. Jur., Criminal Law, 24.

Such legislation eliminating intent as an essential element of a statutory crime "is enacted and is sustained, for the most part, on grounds of necessity, and is not violative of federal or other constitutional prohibitions." 22 C.J.S., Criminal Law, p. 102.

This Court said in the *Lattimore* case: "It is true that an act may become criminal only by reason of the intent with which it is done, but the performance of an act which is expressly forbidden by statute may constitute an offense in itself without regard to the question of intent."

12 Am. Jur., Constitutional Law, Section 629, states: "The legislature has power to enact provisions, even in criminal actions, that where certain facts have been proved, they shall be prima facie evidence of the main fact in question if the fact proved has some fair relation to, or natural connection with, the main fact. There is no vested right to the rule of evidence that everyone shall be presumed innocent until proved guilty, which prevents the legislature from mak-

ing the doing of certain acts prima facie proof of guilt or of some element of guilt." To the same effect: *S. v. Barrett,* 138 N.C. 630, 50 S.E. 506; *S. v. Dowdy,* 145 N.C. 432, 58 S.E. 1002; *S. v. Hammond,* 188 N.C. 602, 125 S.E. 402; *S. v. Fowler and Brincefield,* 205 N.C. 608, 172 S.E. 191; *Casey v. U. S.,* 276 U.S. 413, 72 L. Ed. 632; 16 C.J.S., Constitutional Law, Section 128 (d).

Speaking directly to the point in the *Fowler and Brincefield* case this Court says: "The defendants assail the constitutionality of chapter 434, Public Laws 1933, amending C.S., 4428, which makes the possession of tickets, certificates or orders used in the operation of a lottery prima facie evidence of a violation of said section, but the connection between the fact proved and the ultimate fact presumed seems to be a rational one, hence the objection must fail."

The sly, stealthy, crafty nature of the crime of shoplifting and the small individual thefts make detection, prosecution and conviction of the shoplifter for larceny a most difficult and perilous matter. When a merchant accosts a shoplifter, and takes out a warrant against him for larceny, and the shoplifter is acquitted when tried, the merchant risks a lawsuit for large damages for malicious prosecution, false imprisonment, false arrest, or similar tort. Faced with such a formidable array of deterrents, many a merchant stands by and watches his property disappear without a fair, legally protected, opportunity to protect it, if his sole remedy is a successful prosecution for larceny, in which offense superadded to the wrongful taking there must be a felonious intent. *S. v. Griffin,* 239 N.C. 41, 79 S.E. 2d 230. This is said in Tenn. Law Review, Vol. 24, 1955-1957, page 1177, which volume is in our library: "Under modern self-service methods and the exciting tempo of present day life, shoplifting seems to be the order of the day. It is estimated that shoplifting on the West Coast is equivalent to 1% of gross sales and a total of approximately $250 million annually in the United States. The great majority of the shoplifters fall within the group of 'casual pilferers.' One estimate is that 70% of the people caught in the act are first-time offenders. These are mostly women and juveniles. 'Bulky pockets, voluminous coats, and false-bottomed cartons' take their toll. Then there are the 'bloomer and trouser artists' who wear billowing bloomers beneath a flowing skirt or stuffed trousers under a topcoat; the 'crotch artists' who straddle the pilfered garment, cram its edges up beneath a girdle and waddle off. Professionals account for most of the large items."

According to an exhaustive investigation by us in the Supreme Court Library it appears that 44 states have enacted statutes in respect to shoplifting. In 1961 Colorado, Iowa, Maryland, Missouri, and Wyoming enacted such statutes. According to our investigation the follow-

ing States apparently have no statutes dealing with the specific offense of shoplifting, Alaska, California, Delaware, Hawaii, New Jersey and Vermont, and also the District of Columbia. These many statutes in respect to shoplifting vary in many ways. The Idaho, Maine, New Hampshire and Virginia statutes are very similar to ours.

It is manifest that our shoplifting statute has a rational, real and substantial relation to the end sought to be accomplished, which is the protection of our merchants from shoplifting, and that such was the manifest purpose and design of the legislation. It is also manifest from the language of our shoplifting statute, in view of its manifest purpose and design, that the Legislature intended that a felonious intent or a criminal intent should not be a necessary element of the statutory crime of shoplifting, and so enacted the statute, for the Legislature must have realized that the remedies heretofore provided by law for the protection of the goods and wares displayed for sale by merchants have not provided them adequate protection from sustaining very substantial losses from shoplifters. The statute states: "Such goods or merchandise found concealed upon or about the person and which have not theretofore been purchased by such person shall be prima facie evidence of a willful concealment." Undoubtedly, there is a rational connection between the fact proved and the ultimate fact presumed.

Our shoplifting statute, G.S. 14-72.1, violates no provision of Article I, Section 17, of the North Carolina Constitution, nor the due process clause of the Federal Constitution, because it does not require any felonious intent or any criminal intent on the part of the person who, without authority, willfully conceals the goods and merchandise of a store, not theretofore purchased by such person, while still on the premises of such store, and because the fact that "such goods or merchandise found concealed upon or about the person and which have not theretofore been purchased by such person shall be prima facie evidence of a willful concealment."

"A criminal statute must be definite as to the persons within the scope of the statute and the acts which are penalized. If it is not definate, the due process clause of State Constitutions and of the Fifth and Fourteenth Amendments of the Federal Constitution, whichever is applicable, is violated. If the statute is so vague and uncertain that a reasonable man would be compelled to speculate at his peril whether the statute permits or prohibits the act he contemplates committing, the statute is unconstitutional. The legislature, in the exercise of its power to declare what shall constitute a crime or punishable offense, must inform the citizen with reasonable precision what acts it intends to prohibit, so that he may have a certain understandable rule of conduct. If on its face a criminal statute is repugnant to the due process

clause, specifications of details of the offense intended to be charged will not serve to validate it, it being the statute and not the accusation under it that prescribes the rule to govern conduct and warns against transgression. . . . In determining whether a statute is sufficiently certain and definite the courts apply higher standards in the case of a criminal than a civil statute. . . . While a penal statute must be sufficiently definite to apprise a person of ordinary intelligence of the conduct which is prohibited, it is not necessary that the forbidden conduct be described with mathematical precision or absolute certainty. . . . A statute is not unconstitutional as indefinite because it employs general terms, when such terms convey to a person of ordinary understanding and intelligence an adequate description of the prohibited act, for impossible standards of certainty are not required. Reasonable certainty is sufficient." Wharton's Criminal Law and Procedure, 1957, Vol. I, Section 18. To the same effect, 22 C.J.S., Criminal Law, Section 24(2)a; 14 Am. Jur., Criminal Law, Section 19. See also, *S. v. Partlow*, 91 N.C. 550; *S. v. Morrison*, 210 N.C. 117, 185 S.E. 674; *S. v. Coal Co.*, 210 N.C. 742, 188 S.E. 412.

This is said in *Boyce Motor Lines v. U. S.*, 342 U.S. 337, 96 L. Ed. 367: "A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to an area of prescribed conduct shall take the risk that he may cross the line."

The statutory offense created by G.S. 14-72.1 is composed of four essential elements: Whoever, one, without authority, two, willfully conceals the goods or merchandise of any store, three, not theretofore purchased by such person, four, while still upon the premises of the store, shall be guilty of a misdemeanor. "Willfully conceals" as used in the statute means that the concealing is done under the circumstances set forth in the statute voluntarily, intentionally, purposely and deliberately, indicating a purpose to do it without authority, and in violation of law, and this is an essential element of the statutory offense of shoplifting. *S. v. Dickens*, 215 N.C. 303, 1 S.E. 2d 837; *S. v. McDay*, 232 N.C. 388, 61 S.E. 2d 86; *S. v. Whitener*, 93 N.C. 590.

This statute defines with sufficient clarity and definiteness the acts

which are penalized, and informs a person of ordinary intelligence with reasonable precision what acts it intends to prohibt so that he may know what acts he should avoid, in order that he may not "cross the line" and bring himself within its penalties. The statute omits no essential provisions which go to impress the inhibited acts committed as being wrongful and criminal. It is sufficiently definite to guide the judge in its application and the lawyer in defending one charged with its violation.

G.S. 14-72.1 violates neither Article I, Section 17, of the North Carolina Constitution, nor the due process clauses of the Federal Constitution, by reason of, as defendant contends, vagueness and uncertainty, and of not informing a person of ordinary intelligence with reasonable precision of the acts it prohibits. Defendant's contention in this respect is untenable.

There is no merit in defendant's contention that her demurrer to the warrant and her motion to quash it, should be allowed, because the offense charged therein is not based on a violation of the common law.

After a thorough investigation we have found no case where the constitutionality of a shoplifting statute substantially similar to ours, or in any way similar to ours, has been tested in the courts of the various States. The briefs of the Attorney General and of the defendant have referred us to no such case.

The trial court erred in allowing defendant's demurrer to the warrant and her motion to quash it, and the order of the judge allowing her motion is

Reversed.