STATE OF NORTH CAROLINA v. MARY LOUISE HUDSON

No. 7126SC398

(Filed 14 July 1971)

**1. Larceny § 1— credit card theft — constitutionality of statute**
　　Statute defining the crime of credit card theft, G.S. 14-113.9(a), is not unconstitutional in failing to require criminal intent.

**2. Forgery § 2— credit card forgery — sufficiency of evidence**
　　The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of credit card forgery under G.S. 14-113.11(a)(2) where it tended to show that defendant forged a credit card by endorsing thereon the name of another person to whom it was issued and presented it to a merchant in payment for goods defendant had selected.

**3. Criminal Law § 166— abandonment of assignments of error**
　　Assignments of error are deemed abandoned where defendant has stated no reason or argument and has cited no authority in support thereof. Court of Appeals Rule No. 28.

APPEAL by defendant from *McLean, Judge,* 1 March 1971 Session of Superior Court held in MECKLENBURG County.

The defendant was charged in separate bills of indictment, proper in form, with credit card theft, in violation of G.S. 14-113.9(a)(1), and with credit card forgery, in violation of G.S. 14-113.11(a)(2). Upon the defendant's plea of not guilty to both bills of indictment, the State offered evidence tending to show that on 1 December 1969 the defendant, Mary Louise Hudson, selected from the merchandise of the Pride and Joy Shop in Charlotte, N. C., a pair of white slacks, a tunic top, a sweater, and two dresses. Eloise Lowery, a clerk in the Pride and Joy Shop, testified that the defendant offered to pay for the merchandise by the use of a credit card issued by First Union National Bank to Brenda E. Hasty. The defendant took the credit card out of her purse and signed the name of Brenda E. Hasty on the back of the card. Miss Lowery made out the "charge slips" upon which the defendant also signed the name of Brenda E. Hasty. The charge card and the "charge slips" were identified and introduced into evidence as State's Exhibits 1, 2 and 3. The total cost of the articles selected by the defendant was such that, as a matter of store policy, Miss Lowery was required to check the account with the bank and obtain further identification from the holder of the card. After check-

ing with the bank, Miss Lowery requested further identification from the defendant. When the defendant was unable to produce further identification, a police officer accompanied the defendant to an automobile where the defendant said her husband would identify her. The officer was permitted to testify that the man in the automobile identified the defendant as Sylvia Byrd. The jury found the defendant guilty as charged in both bills of indictment. The court consolidated the two cases for judgment and imposed a prison sentence of three years. The defendant appealed.

*Attorney General Robert Morgan and Staff Attorney William Lewis Sauls for the State.*

*Mraz, Aycock & Casstevens by Frank B. Aycock III for defendant appellant.*

HEDRICK, Judge.

[1]   By assignments of error 1 and 3 the defendant contends that the court committed error in denying her motion to quash the bill of indictment and her motion to arrest the judgment in case number 69-CR-101030 wherein the defendant was charged with credit card theft. Defendant asserts that the statute, G.S. 14-113.9(a), under which she was charged is unconstitutional in that "it fails to give notice to the defendant of a necessary element of criminal conduct, *i.e.,* criminal intent."

G.S. 14-113.9(a), in pertinent part, provides that a person is guilty of credit card theft when "[h]e takes, obtains or withholds a credit card from the person, possession, custody or control of another without the cardholder's consent. . . . "

In *State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768 (1961), the North Carolina Supreme Court stated:

"It is within the power of the Legislature to declare an act criminal irrespective of the intent of the doer of the act. The doing of the act expressly inhibited by the statute constitutes the crime. Whether a criminal intent is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute in view of its manifest purpose and design."

This statute, and the bill of indictment under which it is drawn, defines with sufficient clarity and definiteness the acts

which are penalized, and informs a person of ordinary intelligence with reasonable precision what acts it intends to prohibit. These assignments of error are overruled.

[2] By assignment of error 6 defendant contends that the court committed error in denying her motions for judgment as of nonsuit in case number 69-CR-101364 wherein the defendant was charged with credit card forgery. The defendant argues that she was charged with credit card forgery under G.S. 14-113.11(a)(1), and that the evidence will not support a verdict of guilty under this charge. It is clear that the defendant was charged under G.S. 14-113.11(a)(2) which provides that a person is guilty of credit card forgery when "[h]e, not being the cardholder or a person authorized by him, with intent to defraud the issuer, or a person or organization providing money, goods, services or anything else of value, or any other person, signs a credit card."

All of the evidence tends to show that the defendant forged the credit card by endorsing the name of Brenda E. Hasty and presented it to the Pride and Joy Shop in payment for the merchandise she had selected. This assignment of error is without merit.

[3] Assignments of error 2, 4 and 5 are deemed abandoned by the defendant since she has stated no reason or argument nor cited any authority in support thereof. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

The defendant's other assignments of error brought forward and argued in her brief have been carefully considered and found to be without merit.

We find and hold that the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.