**Rodney Lee SMITH, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

**No. 5958.**

Court of Appeals of Alaska.

Oct. 15, 1982.

Michael L. Wolverton, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Richard A. Weinig, Asst. Municipal Prosecutor, Allen M. Bailey, Municipal Prosecutor, and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Rodney Smith was convicted of concealment of merchandise in violation of AMC 8.05.550(B).[1] On appeal Smith argues his conviction should be reversed because the jury was not instructed that in order to convict him the jury had to find proof that he had a specific intent to conceal and a specific intent to permanently deprive the owner of the merchandise. We conclude that the ordinance does not require a specific intent to permanently deprive the owner of the merchandise. However, we interpret the ordinance as requiring an intent to conceal merchandise. We find that the instructions which the trial court gave in this case sufficiently informed the jury of the requirement of an intent to conceal and, accordingly, we affirm Smith's conviction.

On January 9, 1981, in the Gambell Street Safeway store, security guard Kenneth Ray observed Smith carrying a bottle of Calvert's Extra whiskey. When Ray approached Smith, he observed a bulge in Smith's jacket. Smith then walked to the back of the store and left the bottle of whiskey in a section of wine bottles. Smith was ultimately convicted of concealment of merchandise.

At trial, defense counsel requested an instruction which stated that a specific intent to permanently deprive the owner of the concealed merchandise was a necessary element for conviction. The prosecutor argued that the ordinance required only general intent. The trial court refused to instruct the jury that an intent to deprive the owner of property was a necessary element for conviction. The jury was instructed that willful concealment of merchandise was necessary for conviction. Instructions defining the words "willfully"[2] and "conceal"[3] were given. The jury was also

---

1. AMC 8.05.550(B) provides:

 *Concealment of Merchandise.* It is unlawful for any person, without authority, willfully to conceal upon or about his person any merchandise or thing of value upon the premises where such merchandise or thing of value is kept for the purposes of sale, barter or storage. Any merchandise or thing of value found concealed upon or about the person and which has not theretofore been purchased by the person is prima facie evidence of willful concealment.

2. The word willfully when applied to an act done, means that the act was done knowingly and intentionally and with a purpose. The word does not require in its meaning any intent to violate the law.

3. To conceal means to hide, to withdraw from ordinary observation, to cover or keep from sight.

instructed that general intent[4] was necessary for conviction.

 We begin our analysis by noting that there is no state statutory prohibition to the enactment of AMC 8.05.550(B). Because Anchorage is a home rule municipality, the Municipal Assembly has the power, unless expressly or impliedly prohibited by state statute, to enact a concealment statute which does not require specific intent. Alaska Const. art. X, § II; *Jefferson v. State,* 527 P.2d 37, 43 (Alaska 1974). Enforcement of AMC 8.05.550(B) does not prevent giving any statute the full weight of law.[5]

We will first consider whether a specific intent to permanently deprive is a necessary element of the offense. Smith argues that when drafting AMC 8.05.550(B), it was the legislative intent to include specific intent to permanently deprive as a necessary element. He states that the element of specific intent must be implied, because there is no indication that the municipality intended to delete the specific intent element designated in the state statute, AS 11.46.220[6] and its predecessor, AS 11.20.-275.[7] He offers no authority for this position. This argument might be valid if the municipal ordinance were derived from the

state statute. However, the shoplifting ordinance, AMC 8.05.550, was adopted from the Greater Anchorage Area Borough Code 18.05.040, which was identical to the current ordinance.

Secondly, Smith argues that because shoplifting is a common law, larceny-type offense, specific intent to permanently deprive must be required by implication. Smith does not question the constitutionality of the ordinance. However, as noted in *Kimoktoak v. State,* 584 P.2d 25, 31 (Alaska 1978) and *State v. Rice,* 626 P.2d 104, 108 (Alaska 1981), the "danger of unconstitutionality is a relevant concern in determining whether to construe intent into the regulation."

Most states enacted shoplifting statutes in the 1950's and 1960's, when it became apparent that traditional larceny statutes were inadequate to control shoplifting. *See* Note, *Shoplifting—An Analysis of Legal Controls,* 32 Ind.L.J. 20 (1956); Comment, *Legislation—Survey and Analysis of Criminal and Tort Aspects of Shoplifting Statutes,* 58 Mich.L.Rev. 429, 432 (1960); Comment, *Shoplifting and the Law of Arrest: The Merchant's Dilemma,* 62 Yale L.J. 788 (1952). As one commentator states:

4. In the crimes charged in this complaint, there must exist a union or joint operation of act or conduct in criminal intent. To constitute criminal intent it is not necessary that there should exist an intent to violate the law. Where a person intentionally does that which the law declares to be a crime, he's acting with criminal intent, even though he may not know that his act or conduct is unlawful.

5. The Alaska Supreme Court has considered whether a local ordinance differs from state statutes which were enacted for the purpose of establishing statewide uniformity. When state statutes are enacted to establish statewide uniformity in an area of law and a local ordinance appears to conflict with the goal of statewide uniformity of legislation, the court has found an implied prohibition of the local ordinance. *See DeHusson v. City of Anchorage,* 583 P.2d 791 (Alaska 1978); *Johnson v. City of Fairbanks,* 583 P.2d 181 (Alaska 1978). However, statewide uniformity is not a significant purpose of AS 11.46.220, concealment of merchandise. *See also Simpson v. Municipality of Anchorage,* 635 P.2d 1197 (Alaska App. 1981).

6. AS 11.46.220 provides in part:

*Concealment of Merchandise.* (a) A person commits the crime of concealment of merchandise if without authority he knowingly conceals on or about his person the merchandise of a commercial establishment, not purchased by the person, while still upon the premises of the commercial establishment, with intent to deprive the owner of the merchandise.

7. AS 11.20.275 provided:

*Concealment of Merchandise.* (a) A person who without authority, wilfully conceals upon or about his person the goods or merchandise of a retail business establishment, not theretofore purchased by the person, while still upon the premises of the retail business establishment, with intent to deprive the owner of the goods or merchandise, shall be guilty of a misdemeanor and, upon conviction, is punishable by a fine of not more than $500, or by imprisonment for not more than six months, or by both.

Because the elements needed to prove larceny do not coincide with the evidence often available in shoplifting cases, convictions were difficult to obtain. For example, unless a witness saw the taking and subsequent departure from the premises without payment for the goods, it was hard to prove the essential element of an intent to deprive the owner of his property or to appropriate the property to the taker's own use. In an attempt to facilitate criminal prosecutions, some of the new statutes provide that certain specific acts shall constitute the crime of shoplifting.

. . . .

Potentially, the most effective criminal provision is the 'willful concealment' type of legislation . . . In those states [8] with no statutory intent requirement, prosecution is facilitated by the fact that an offender can be accosted on the premises, and also by the use of statutory presumptions which provide that goods found concealed upon the person constitute *prima facie* evidence of willful concealment.

58 Mich.L.Rev. at 433, 435 (footnotes omitted).

The North Carolina "willful concealment" statute was upheld as constitutional in *State v. Hales,* 122 S.E.2d 768 (N.C.1961). The language of the statute is nearly identical to Anchorage's ordinance.[9] In *Hales,* the defendant argued that the statute was unconstitutional because the crime of shoplifting was a common law crime which required a specific intent to permanently deprive. The court concluded that "the offense charged therein is not based on a violation of the common law." *Id.* at 773. We agree. The *Hales* court also held that it was within the legislature's power to outlaw concealment of merchandise without requiring proof of a specific intent to permanently deprive. It ruled that such a law bore a rational relation to the need to deter store thefts and insulate store managers from civil suits for false arrests and imprisonment. Again, we agree. AMC 8.05.550(B) passes constitutional muster without requiring proof of a specific intent to deprive.[10]

However, the Anchorage ordinance must be interpreted to require an intent to conceal property. The intent of the ordinance was to prohibit a person from intentionally concealing merchandise. To construe the ordinance otherwise could lead to constitutional problems by allowing a person to be convicted of a crime where he had no criminal intent. *State v. Rice,* 626 P.2d 104 (Alaska 1981).

Construing the ordinance to require an intent to conceal meets the substantive due process problem suggested in *Rice.* Almost all people are aware that concealing merchandise will arouse suspicion and, if detected, will probably result in allegations of criminal conduct. We therefore believe that a person who violates the ordinance, if found to have a specific intent to conceal

---

**8.** Currently three states have "willful concealment" statutes which do not require specific intent to permanently deprive. Idaho Code § 18–4626 (1979); N.H.Rev.Stat.Ann. § 644:17 (1981); N.C.Gen.Stat. § 14–72.1 (1981). *See also* Me.Rev.Stat.Ann. tit. 17, § 3501 (1955) (repealed 1975, ch. 499, § 19).

**9.** N.C.Gen.Stat. § 14–72.1 (1981) states:

*Concealment of merchandise in mercantile establishments.* Whoever, without authority, wilfully conceals the goods or merchandise of any store, not theretofore purchased by such person, while still upon the premises of such store, shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not more than one hundred dollars ($100.00), or by imprisonment for not more than six months, or by both such fine and imprisonment. Such goods or merchandise found concealed upon or about the person and which have not theretofore been purchased by such person shall be prima facie evidence of a willful concealment.

**10.** The *Hales* case interpreted the North Carolina statute as requiring a specific intent to conceal. The court said:

'Willfully conceals' as used in the statute means that the concealing is done under the circumstances set forth in the statute voluntarily, intentionally, purposely and deliberately, indicating a purpose to do it without authority, and in violation of law, and this is an essential element of the statutory offense of shoplifting.

*State v. Hales,* 122 S.E.2d at 773.

merchandise, has received adequate notice that his conduct is illegal. In addition, concealment of merchandise is reasonably related to the legitimate purpose of preventing theft. *See State v. Rice,* 626 P.2d at 110.

 Although we believe that the instructions given in the instant case would have been better if the instruction on the elements of the offense had told the jury that the defendant had to have an intent to conceal the property, we believe that the instruction which stated that the jury had to find the defendant "wilfully concealed . . . merchandise" was adequate. First, although the defendant asked the court to instruct the jury that a specific intent to permanently deprive the owner of property was required, he never specifically objected that the instructions which the trial judge gave did not adequately convey that the jury had to find an intent to conceal the property. Given the definitions of "willfully" and "conceal" which the court included in the jury instructions, we believe that the jury would have understood that in order to convict Smith, it had to find that he intended to conceal the merchandise. Furthermore, Smith's defense at trial was not that he did not intend to conceal the merchandise, but that he never concealed the merchandise. Any error in the instructions was therefore harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Accordingly the conviction is AFFIRMED.