STATE v. C. E. SIMMS.

(Filed 18 September, 1935.)

**Criminal Law I j: Arson C c—Evidence held insufficient to identify defendant as perpetrator of crime of arson.**

Evidence that defendant's car was driven away from defendant's house shortly before defendant's personal property therein was destroyed by fire, and that the car had been driven to the house several times during the days preceding the fire, and that the occupants of the car were heard in the house, *is held* insufficient, in the absence of evidence that defendant was one of the occupants of the car, to resist defendant's motions for judgment as of nonsuit in a prosecution under C. S., 4245 (a), although there was ample evidence that the fire was of incendiary origin and destroyed personal property of defendant which had been insured by him.

APPEAL by defendant from *Warlick, J.,* at May Term, 1935, of BUNCOMBE. Reversed.

The defendant C. E. Simms was tried and convicted upon a bill of indictment charging him with violating C. S., 4245 (a), which provides that "any person who shall wilfully or maliciously burn, . . . or procure the burning of any goods, . . . or personal property of any kind, . . . with intent to injure or prejudice the insurer, . . . shall be guilty of a felony."

From judgment of imprisonment pronounced upon the verdict the defendant appealed to the Supreme Court, assigning error.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Redden & Redden for defendant, appellant.*

SCHENCK, J. When the State had produced its evidence and rested its case the defendant moved to dismiss the action, which motion was denied, and the defendant excepted, and then the defendant introduced evidence tending to establish an alibi, and after all of the evidence in the case was concluded he again moved to dismiss the action, which motion was also denied, and the defendant again excepted. C. S., 4643. The

defendant made the denial of these motions the bases for exceptive assignments of error.

While there was ample evidence for the jury to have found that certain personal property belonging to the defendant, and insured by him, was destroyed by fire, and that the fire was of an incendiary origin, there was not sufficient evidence to have been submitted to the jury of the defendant's having burned or procured the burning of said property. The evidence most favorable to the State tended to establish that the defendant closed up and left his house, in which the burned property was located, on Friday, about noon, 18 December, 1931, and that the automobile of the defendant was seen at his house at 5:30 Friday afternoon, and remained there until 11:30 that night, during which time noises were heard in the house, and that said automobile was seen to leave said house about 5:30 the following Saturday morning; and that the automobile of the defendant was driven to the house of the defendant, wherein the property was located, between 9 and 9:30 o'clock Monday night, 21 December, and remained near there until between 12:30 and 1:00 o'clock the next morning, when it was driven away, and that the fire was observed about ten or fifteen minutes thereafter. None of the witnesses who saw the automobile, which they identified as that of the defendant, were able to identify the defendant as one of the persons in said automobile, and no witness testified to having seen the defendant at the place of the fire after noon of the Friday preceding the conflagration on Monday night or early Tuesday morning. While this evidence may have been sufficient to establish that insured property was burned by those persons who came and left in defendant's automobile, it fails to establish the essential fact that one of those persons was the defendant. This failure was fatal to the State's case, and the motions to dismiss the action should have been sustained. *S. v. Yates, ante,* 194.

The judgment of the Superior Court is

Reversed.