STATE OF NORTH CAROLINA v. WILLIE WASHINGTON ROOK III

No. 7510SC76

(Filed 21 May 1975)

1. **Indictment and Warrant § 14— constitutionality of statute — challenge by motion to quash**

    A defendant charged with the violation of a statute or ordinance may challenge the constitutionality of such statute or ordinance by a motion to quash the warrant or indictment.

2. **Automobiles § 134; Constitutional Law § 30— possession of stolen vehicle — "reason to believe" vehicle stolen — no unconstitutional vagueness**

    The phrase "or has reason to believe" included in G.S. 20-106 prohibiting receiving, transferring, or having in one's possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken defines and prescribes the boundaries sufficiently distinct to provide an adequate warning as to the conduct it condemns and is not unconstitutionally vague.

3. **Automobiles § 134— possession of stolen vehicle — reason to believe vehicle stolen — sufficiency of evidence**

    Evidence was sufficient to establish either knowledge or belief on the part of the defendant of the fact that the vehicle he was driving was stolen by his friends and that they did not have lawful title or possession of the vehicle where such evidence tended to show that defendant, his brother, and friends were at a shopping center, they observed a car which one of the friends talked about stealing, defendant and his brother left the shopping center but the brother returned to the shopping center, the next day the friend who had talked about stealing the car was driving it, and the defendant later drove the car and was apprehended by officers when he did so.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 29 August 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 7 April 1975.

Defendant was indicted for and convicted of felonious possession of a stolen 1964 Chevrolet vehicle in violation of G.S. 20-106. He was sentenced to serve not less than one day nor more than 18 months in the custody of the Commissioner of the North Carolina Department of Corrections as a "Committed Youthful Offender".

The State's evidence tended to show that a 1964 Chevrolet, belonging to Billy Gene Gibson, was taken from the Mission Valley Shopping Center at approximately 1:00 p.m. on 16 June 1974. The owner had given no one permission to drive his auto-

mobile. Defendant was found by a police officer the next day, 17 June, standing in front of the 1964 Chevrolet with the hood up, working on the car. After questioning by the police officer, defendant ran from the scene but was arrested several hours later.

The defendant offered evidence tending to show that a friend, Cecil Manning, had loaned him the car to go buy beer, that at the time he drove the car he was intoxicated, and that he did not know the vehicle was stolen. Defendant's brother testified that he had taken the car with two other persons, neither of whom was the defendant, on 16 June 1974, for joyride purposes. Defendant's brother stated that he had been convicted of temporary larceny of an automobile in connection with this vehicle.

When the case came on for trial defendant moved to quash the indictment on the grounds that G.S. 20-106 is vague, uncertain, ambiguous, and indefinite so as to deprive the defendant of due process of law. The court denied the motion to quash and after arraignment and plea of not guilty, stated: "Now, Mr. Crumpler, as we decided this morning in connection with this same case, based on the way that the bill of indicement is drawn, I am going to hold the State to proof of actual knowledge. If the State fails to prove that, I am going to enter judgment as of nonsuit in this case. Just so we all understand where we are going."

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Gregory B. Crampton, for defendant appellant.*

MARTIN, Judge.

[1] The bill of indictment charges a violation of G.S. 20-106. A defendant charged with the violation of a statute or ordinance may challenge the constitutionality of such statute or ordinance by a motion to quash the warrant or indictment. *State v. Atlas,* 283 N.C. 165, 195 S.E. 2d 496 (1973).

G.S. 20-106 reads: "Any person who, with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or unlawfully taken, receives or transfers possession of the same from or to another, or who has in his possession any vehicle which he knows or has reason to believe

State v. Rook

has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, is guilty of a felony."

Defendant argues that the language "or has reason to believe has been stolen or unlawfully taken" creates a matter of conjecture as to what is prohibited and is unconstitutionally vague so as to deprive the defendant of due process of law.

Our Supreme Court, speaking through Huskins, J., in *In Re Burrus,* 275 N.C. 517, 531, 169 S.E. 2d 879 (1969), *aff'd.,* 403 U.S. 528, said: "It is settled law that a statute may be void for vagueness and uncertainty. 'A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.' (Citations omitted.) Even so, impossible standards of statutory clarity are not required by the constitution. When the language of a statute provides an adequate warning as to the conduct it condemns and prescribes boundaries sufficiently distinct for judges and juries to interpret and administer it uniformly, constitutional requirements are fully met. (Citation omitted.)"

In passing upon the constitutionality of this statute there is a presumption that it is constitutional, and it must be so held by the courts, unless it is in conflict with some constitutional provision. *State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768 (1961). While a criminal statute must be strictly construed, the court should construe it with regard to the evil at which the statute is directed. *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970).

Clearly, the purpose of the statute is to discourage the possession of stolen vehicles by one who knows it is stolen or has reason to believe that it is stolen.

It is within the power of the Legislature to define and punish any act as a crime, unless limited by constitutional provisions imposed by the State and Federal Constitutions. *State v. Hales, supra.* Thus, in constructing the statute it was a matter for the lawmaking body to define and establish the degree of scienter upon which to rest the guilt of the accused.

[2] The inclusion in the statute of the phrase, "or has reason to believe", defines and prescribes the boundaries sufficiently dis-

tinct to provide an adequate warning as to the conduct it condemns.

The evidence tended to show that the owner of the stolen vehicle parked his Chevrolet in the Mission Valley Shopping Center on 16 June 1974 between 1:00 and 3:00 p.m. and that the car could be started without a key being placed into the ignition because it was an older model automobile.

[3] Defendant was with his brother, John Rook, Cecil Manning and other friends at the Mission Valley Shopping Center on 16 June, between 1 and 3 o'clock. They saw the parked car in question on that day, and there had been talk by Cecil Manning of stealing the car. After this talk the defendant and his brother left the shopping center and walked over to his girl friend's apartment, but defendant's brother returned to the shopping center. The next day, Cecil Manning and a friend, Tommy Ashworth, drove up in the gray Chevrolet automobile, the same one that had been at the Mission Valley Shopping Center. Later, the defendant got into the automobile and while going for beer had mechanical difficulty and pulled it over to the side of the road. A police officer saw the defendant working on the car and recognized it as a stolen vehicle. The officer noticed that there was no key in the ignition of the car. Upon the officer's announcement that the car was stolen and that the defendant would have to come with him, the defendant fled the scene and made good his escape in a nearby wooded area.

Clearly, the evidence was sufficient to establish either knowledge or belief on the part of the defendant of the fact that the vehicle he was driving was stolen by his friends and that they did not have lawful title or possession of the vehicle.

The court properly denied the motion to quash the indictment.

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit.

No error.

Judges BRITT and HEDRICK concur.