STATE OF NORTH CAROLINA v. CECIL VAN ROGERS

No. 753SC443

(Filed 17 December 1975)

1. **Narcotics §§ 1, 2— transportation of narcotics — allegations treated as surplusage**

   Since 1 January 1972 the transportation of a controlled substance is not a separate substantive criminal offense; therefore, where an indictment alleged that defendant feloniously possessed heroin and that he "did transport said substance," the allegations concerning transportation will be treated as surplusage and the indictment will be treated as one for possession of heroin.

2. **Narcotics § 4— possession of heroin found in car**

   The State's evidence was sufficient for the jury on the issue of defendant's guilt of possession of heroin where it tended to show that defendant was the driver and in control of a car in which heroin was found on the floorboard, and that one packet of heroin was found on the driver's side of the front seat where, immediately prior thereto, defendant had been sitting.

3. **Narcotics § 3— identity of substance — lay testimony**

   In this prosecution for possession of heroin, the trial court did not commit prejudicial error in the admission of testimony by a deputy sheriff that from his examination of white powder found in five tinfoil packets, in his opinion the powder contained heroin, where the witness had testified that he had twenty-five hours of training in the identification of controlled substances, that he had three and a half years of experience in working with drugs on the street, and that he had examined heroin numerous times.

4. Narcotics § 4.5— instructions on transportation of heroin

 The trial court erred in instructing the jury that if they found that defendant possessed heroin or knowingly transported heroin, it should return a verdict of guilty as charged, "either guilty of possession of heroin or guilty of transporting heroin or both," since transportation of a controlled substance was not a substantive criminal offense.

ON *writ of certiorari* to review proceedings before *Cowper, Judge.* Judgment entered 30 October 1974 in Superior Court, PITT County. Heard in the Court of Appeals 17 September 1975.

Defendant, Cecil Van Rogers, was tried on his plea of not guilty to an indictment which charged that on 15 July 1974 he

> "did feloniously possess a controlled substance, to wit: heroin, which is included in Schedule I of the North Carolina Controlled Substances Act, and did transport said substance in a 1967 Chevrolet station wagon, N. C. License CJJ-879, serial No. 164457T 182607."

The State's evidence showed the following. On 15 July 1974 Pitt County deputy sheriff Garrison and other officers received information concerning a disturbance at a local club. On arriving at the club, they were informed that four men involved in the trouble had left in a brown Chevrolet station wagon and that one of them had a hand gun. Shortly thereafter, at approximately 12:05 a.m., the officers observed a brown station wagon occupied by four men which fit the description given them. They stopped the station wagon and found defendant to be the driver and one Amos Henry Jordan sitting on the right hand or passenger side of the front seat. Jordan and defendant Rogers were the only persons in the front seat. The other two men were seated in the rear seat. There was no one in the immediate area where the car was stopped other than the occupants in the car. The deputy asked defendant Rogers for his driver's license, which Rogers did not have with him. The deputy then asked Rogers to step out of the vehicle, which he did, and the deputy informed Rogers that he had been stopped because the officers had received a complaint that someone in the vehicle had a hand gun. Rogers denied knowledge of any gun. The deputy then went around to the right hand side of the vehicle and asked Jordan to step out, which he did. When this occurred, the deputy shone his flashlight in the vehicle and saw a small tinfoil packet on the floorboard on the right hand side. The deputy picked up the packet and

found it contained a white powder. Further investigation revealed four more packets, each similar to the first and each containing white powder. One of these, like the first, was on the right hand floorboard of the car. Another was on the left hand floorboard in the front, on the driver's side and on the left of and at the bottom of the transmission hump. Two of the packets were on the ground immediately outside of the car next to the right hand door. On discovering the packets, the deputy placed defendant Rogers and Jordan under arrest for possession and transportation of heroin. The five packets were delivered to the S.B.I. chemist at Raleigh, who analyzed the contents of one of the packets and found it contained heroin.

Defendant Rogers testified that he did not have any heroin in his possession and that there was no tinfoil packet on the floor at the time he got out of the car. Rogers testified that it was his brother's automobile which he was driving, but admitted it was under his possession and control. Jordan testified that he did not have any tinfoil packages in his possession and when he got out of the car there were no tinfoil packages on the floorboard.

The jury found defendant Rogers guilty of possession of a controlled substance, to wit: heroin and transporting said substance in the 1967 Chevrolet station wagon. Judgment was entered sentencing defendant Rogers to prison for a term of two years and ordering the automobile confiscated. Defendant Rogers appealed.

*Attorney General Edmisten by Associate Attorney Noel Lee Allen for the State.*

*Paul, Keenan, Rowan & Galloway by James V. Rowan for defendant appellant.*

PARKER, Judge.

[1]   Prior to 1972, G.S. 90-111.2(a)(1), made it unlawful to "[t]ransport, carry, or convey any narcotic drug in, upon or by means of any vehicle, vessel or aircraft." That statute was enacted by Ch. 909, Sec. 5, of the 1953 Session Laws, which also provided for forfeiture of any vehicle used to transport a narcotic drug. That statute was a part of Article 5 of the General Statutes. When that Article was rewritten by Ch. 919 of the 1971 Session Laws, which became effective on 1 January 1972, the provision making it unlawful to transport a narcotic

drug was omitted, though the provision relating to forfeitures of "vehicles, vessels, or aircraft" was continued in present G.S. 90-112(a)(4). Thus, since 1 January 1972 the transportation of a controlled substance is not a separate substantive criminal offense. The indictment in the present case contains allegations charging that defendant "did feloniously possess" the controlled substance heroin and that he "did transport said substance." The allegations concerning transportation may be treated as surplusage. We find the remaining allegations adequate to charge the offense of unlawful possession of heroin, which is a felony under G.S. 90-95(b). Accordingly, we shall treat this case as one in which defendant is charged with the single offense of felonious possession of heroin.

[2] Defendant assigns error to the denial of his motion for nonsuit, contending the evidence was insufficient to warrant a jury finding that he "possessed" any heroin in a legal sense. "[T]he State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.'" *State v. Harvey*, 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972). The evidence in the present case shows that defendant was the driver and in control of the car and that heroin was found on the floorboard of the car. One packet was on the driver's side of the front seat where, immediately prior thereto, defendant had been sitting. We have found substantially similar evidence sufficient to withstand the motion for nonsuit in *State v. Wolfe*, 26 N.C. App. 464, 216 S.E. 2d 470 (1975), *cert. denied*, 288 N.C. 252, 217 S.E. 2d 677 (1975) and in *State v. Bagnard*, 24 N.C. App. 54, 210 S.E. 2d 93 (1974) *cert. denied*, 286 N.C. 416, 211 S.E. 2d 796 (1975). In the present case we also find no error in the denial of the motion for nonsuit.

[3] Defendant assigns error to the court's overruling his objection and allowing deputy sheriff Garrison to testify that from his examination of the white powder found in the five tinfoil packets, in his opinion the white powder contained heroin. The witness had previously testified that he had approximately twenty-five hours training in the identification of controlled substances, both through the S.B.I. and the Federal Government, that he had three and a half years experience "working with drugs on the street," and that he had examined

heroin "numerous times." He was not asked, either on direct or on cross-examination, as to what his "examination" of the white powder consisted of, or as to what tests, if any, he made in the course of that "examination." Had such questions been asked, it would be easier to evaluate the witness's qualification to testify to the opinion called for, and the jury could have assessed more accurately the weight which it might give to the opinion expressed. In any event, in view of the subsequent testimony of the S.B.I. chemist, we find no prejudicial error in the court's ruling in the present case.

[4] In its charge, the court instructed the jury that if they found the defendant Rogers possessed heroin or if they found "that he knowingly transported the substance heroin, it would be [their] duty to return a verdict of guilty as charged, either guilty of possession of heroin or guilty of transporting heroin or both." As above noted, transportation of a controlled substance was not a substantive criminal offense at the time alleged in the bill of indictment. It was error for the court to instruct the jury as though transportation, as such, was a separate offense. Moreover, the quoted portion of the charge, expressed as it is in alternatives, makes it impossible to know upon what basis the jury returned its verdict. For the error in the charge, defendant is entitled to a

New trial.

Judges BRITT and CLARK concur.