STATE OF NORTH CAROLINA v. CLEVELAND ABRAMS

No. 7510SC808

(Filed 7 April 1976)

1. **Automobiles § 134— possession of vehicle knowing it to be stolen — sufficiency of evidence**

   In a prosecution for possession of a vehicle knowing it to be stolen, evidence was sufficent to be submitted to the jury where it tended to show that defendant was in possession of the car the day after it was stolen, defendant collided with another car while driving the stolen vehicle but did not stop, when he was pursued by the driver whose car he had hit and was questioned, his response was unsatisfactory, and the vehicle was subsequently found in a wooded area behind defendant's house.

2. **Automobiles § 134— possession of vehicle knowing it to be stolen — proving of felonious intent unnecessary**

   In a prosecution for possession of a vehicle knowing it to be stolen, it was not error for the court to fail to instruct the jury as to defendant's felonious intent, since the statute under which defendant was charged, G.S. 20-106, did not require the doer of the act to have a felonious intent in order to be guilty of the felony of possession of a vehicle knowing it to be stolen.

APPEAL by defendant from *Lee, Judge.* Judgment entered 19 June 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 9 February 1976.

Defendant was charged under G.S. 20-106 with possession of a vehicle knowing it to be stolen. The jury returned a verdict of guilty as charged, and from a judgment imposing a prison sentence defendant appealed to this Court.

The evidence presented by the State tended to show the following: On Friday evening, 27 December 1974, a 1972 Dodge automobile (N. C. license number HDY-772) belonging to Wil-

liam D. Parker was stolen from the parking lot in front of his office. Parker admitted leaving the keys in the car. He could not identify the person who stole his car, but Parker did observe that it was a man. Parker's car was recovered by the police on the following Monday. The car had been wrecked.

On the afternoon of 28 December 1974 Helen Robinson was traveling on Highway 64 beltline when her automobile was struck by another automobile. She stopped her vehicle and assumed the other driver would stop. However, the other car proceeded down the highway and Mrs. Robinson pursued until the car stopped. Defendant was driving the car that struck her car, and she attempted to talk with defendant regarding the accident. Defendant's response was inadequate and Helen Robinson left and called the police.

When Mrs. Robinson and the police returned to where defendant was last seen, the defendant and the car were gone. Mrs. Robinson identified the license number of the vehicle that collided with her as N. C. number HDY-772. Pursuant to a conversation the police officer had with a nearby resident a warrant was obtained for the arrest of defendant.

William Parker's car was discovered in a wooded area behind defendant's house, and defendant was apprehended in a house next door to his home. The arresting officer testified that defendant was hostile, and that he had been drinking, and that he denied driving the car.

Defendant presented no evidence.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*Joyner and Howison, by Edward S. Finley, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] There is no merit in defendant's contention that the trial court erred in failing to grant his motion for judgment as of nonsuit. Upon a motion for nonsuit, the evidence must be considered in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom, and nonsuit should be denied where there is sufficient evidence, direct, circumstantial, or both, from which the jury could find that the offense charged has been committed

and that defendant committed it. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968). Defendant's possession of the vehicle, his conduct upon being approached by Mrs. Robinson after the accident, and defendant's apparent disregard for the value of the automobile are circumstances from which a jury could infer that the defendant was guilty of the offense charged.

[2] Defendant next argues that the trial court erred by failing to instruct the jury on an essential element of the crime. He asserts that the word "feloniously" in the indictment implies there was a dishonest purpose, and that the judge's charge should have included the defendant's "dishonest purposes" as an element of the crime.

It is an established principle of law that "[i]t is within the power of the Legislature to declare an act criminal irrespective of the intent of the doer of the act. The doing of the act expressly inhibited by the statute constitutes the crime. Whether a criminal intent is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute in view of its manifest purpose and design." *State v. Hales,* 256 N.C. 27, 30, 122 S.E. 2d 768 (1961) ; *State v. Hudson,* 11 N.C. App. 712, 182 S.E. 2d 198 (1971).

G.S. 20-106 provides in pertinent part as follows: "Any person who . . . has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, is guilty of a felony."

The purpose of G.S. 20-106 "is to discourage the possession of stolen vehicles by one who knows it to be stolen or has reason to believe it is stolen." *State v. Rock,* 26 N.C. App. 33, 35, 215 S.E. 2d 159 (1975). The State attempts to accomplish the purpose of discouraging the possession of stolen automobiles by making the act of possessing a stolen automobile punishable as a felony. Neither the construction of the statute nor the purpose for which the statute was enacted compels this Court to interpret the statute to require the doer of the act to have a felonious intent. The trial court did not commit error in its instructions.

Defendant's remaining assignments of error have been carefully reviewed and are found to be without merit.

No error.

Chief Judge BROCK and Judge PARKER concur.