State v. Leonard

STATE OF NORTH CAROLINA v. KENNETH L. LEONARD

No. 7722SC274

(Filed 21 September 1977)

**1. Narcotics § 4— constructive possession of drugs—sufficiency of evidence**

Evidence was sufficient to show that defendant had constructive possession of drugs which were hidden under the hood of an automobile of which defendant had possession and control and to which he claimed ownership.

**2. Automobiles § 134— possession of stolen vehicle—reason to believe vehicle stolen —insufficiency of evidence**

Evidence was insufficient for the jury in a prosecution for possession of a vehicle which defendant knew or had reason to believe had been stolen where the evidence tended to show that defendant purchased the automobile in Virginia six days after it was stolen in N. C.; defendant claimed to be the owner at all times; and there was no evidence that replacement of the public vehicle identification number plate was done by defendant or with his knowledge.

APPEAL by defendant from *Albright, Judge.* Judgment entered 23 September 1976 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 25 August 1977.

Defendant, Kenneth L. Leonard, was charged in bills of indictment, proper in form, with the possession of a vehicle which he

knew or had reason to believe had been stolen in violation of G.S. 20-106 and with possession of Schedule II controlled substances with intent to distribute in violation of G.S. 90-95(a)(1). At trial the State offered evidence tending to show the following:

On 1 March 1976 defendant was found pinned in the driver's seat of a 1966 Pontiac automobile which was wrecked beside the road near Lexington, North Carolina. After defendant was removed from the vehicle, Maynard Edward, a volunteer fireman, attempted to open the hood so that he could cut the battery cables to prevent an electrical fire. As he opened the hood a Crown Regal liquor bag fell out from under the hood and hit his foot. The bag contained 252 capsules of secobarbital, 45 capsules of Schedule II amphetamines, other various drugs, and various personal items such as a razor, nail clippers, beer opener, and a hair brush.

The 1966 Pontiac belonged to Frank Chandler. It was stolen from a hospital parking lot in Salisbury, North Carolina on 24 January 1976. The original metal plate attached to the left front pillar post containing the "public vehicle identification number" had been replaced with a plate bearing the number 242076B130370. Defendant had a Virginia certificate of title for a 1966 Pontiac with the serial number 242076B130370 assigned to him on 30 January 1976. The title indicated that defendant purchased the vehicle from Arthur E. Williams of Patrick Springs, Virginia on 30 January 1976. On 2 February 1976 defendant applied for a North Carolina title for a 1966 Pontiac with identification number 242076B130370.

The jury convicted defendant of the possession of Schedule II controlled substances in excess of 100 tablets and of possession of a stolen vehicle. From a judgment imposing a prison sentence of 5 years for possession of the stolen vehicle and a consecutive prison sentence of 2 to 5 years for possession of the controlled substances, defendant appealed.

*Attorney General Edmisten by Assistant Attorney Elisha H. Bunting, Jr., for the State.*

*James M. Honeycutt for defendant appellant.*

HEDRICK, Judge.

[1] Defendant contends the court erred in denying his motions for judgment as of nonsuit as to the charge of possession of a controlled substance. Defendant argues that the evidence is insufficient to show that defendant was in possession of the drugs in question. We do not agree.

The State's evidence tends to show that defendant had possession and control of and claimed ownership to the automobile in which the drugs were located. When the evidence is considered in the light most favorable to the State, it is sufficient to show that defendant had constructive possession of the drugs in question. *State v. Rogers*, 28 N.C. App. 110, 220 S.E. 2d 398 (1975).

[2]  Defendant also contends that the court erred in denying his motions for judgment as of nonsuit with respect to the charge of possession of a stolen vehicle.

G.S. 20-106 in pertinent part provides, "Any person ... who has in his possession any vehicle *which he knows or has reason to believe* has been stolen or unlawfully taken ... is guilty of a felony." (Emphasis added.) The State argues that evidence that the defendant was in possession of the stolen vehicle approximately one month after it was stolen in Salisbury, North Carolina, is sufficient to raise an inference that the defendant knew or had reason to believe that the automobile was stolen. In articulating the doctrine of the possession of recently stolen goods this Court in *State v. Cotten*, 2 N.C. App. 305, 310, 163 S.E. 2d 100, 103 (1968), said the following: "The possession of stolen property recently after the theft, and under circumstances *excluding the intervening agency of others*, affords presumptive evidence that the person in possession is himself the thief . . . ." (Emphasis added.)

In the present case the evidence offered by the State demonstrates the "intervening agency of others," thereby rendering the doctrine inapplicable. All of the evidence tends to show that the defendant purchased the automobile in Virginia on 30 January 1976 and that he at all times claimed to be the owner. While the evidence is sufficient to raise an inference that the automobile was stolen, the defendant's possession thereof under the circumstances of this case is not sufficient to raise the inference that defendant was the thief or that he knew or had reason to believe that the automobile was stolen.

Furthermore, the evidence tending to show that the public vehicle identification number plate had been replaced is not sufficient to raise an inference that defendant knew or had reason to believe that the vehicle was stolen, since there is no evidence that the alteration was made by defendant or with his knowledge. Indeed, the evidence disclosed that the vehicle contained the same identification number when defendant purchased it in Virginia as it did when he applied for a title in North Carolina. The alteration was

not such as to alert a layman to the fact that any change had been made in the identification plate, or that the vehicle was stolen. Thus, we hold that the court erred in denying defendant's motions for judgment as of nonsuit with respect to the charge of possession of a stolen vehicle.

The result is:

As to the charge of possession of a controlled substance (76CR2347)

No error.

As to the charge of possession of a stolen vehicle in violation of G.S. 20-106 (76CR2345)

Reversed.

Judges VAUGHN and CLARK concur.