STATE OF NORTH CAROLINA v. HARVEY LEE MURCHINSON

No. 7810SC628

(Filed 19 December 1978)

1. **Criminal Law § 73.1; Automobiles § 134— unlawful possession of stolen vehicle—provision exculpating police officers—hearsay—harmless error**

   In a prosecution for unlawful possession of a stolen vehicle, an officer's testimony that he had checked with the Raleigh Police Department and the Wake County Sheriff's Department and determined that defendant was not an officer with either of those departments at the time in question was incompetent hearsay. However, the admission of such testimony was harmless error since the provision of G.S. 20-106 exculpating police officers who possess stolen vehicles in the performance of their duties is an exception to the statute, not an element of the offense of unlawful possession of a stolen vehicle, and since there was no evidence that defendant was a police officer.

2. **Automobiles § 134— unlawful possession of stolen vehicle—sufficiency of evidence**

   There was sufficient evidence that defendant knew or had reason to know that a vehicle was stolen or unlawfully taken to support his conviction for unlawful possession of a stolen vehicle under G.S. 20-106 where the evidence tended to show: a person resembling defendant was seen near the stolen vehicle during the daytime just before it was stolen; defendant was twice seen alone in a car matching the description of the stolen vehicle at a food store; defendant was seen driving a car resembling the stolen vehicle on two separate days near Willow Springs; a black male who identified himself as Robert or Bob Williams was seen walking back and forth from the passenger area to the trunk of the car while it was burning along the side of the same road near Willow Springs; defendant was later found in possession of a registration card for the stolen vehicle; and defendant possessed an identification with the name of Robert Williams.

3. **Automobiles § 134— unlawful possession of stolen vehicle—doctrine of possession of recently stolen property**

   The doctrine of possession of recently stolen goods is, under appropriate circumstances, applicable to justify denial of a motion for nonsuit in a prosecution for unlawful possession of a stolen vehicle.

4. **Arson § 1; Property § 4— willful burning of personal property—intent to injure owner**

   A violation of G.S. 14-66 requires, in addition to the willful and wanton burning of personal property, that the defendant have the specific intent to injure or prejudice the owner of the property, and such intent may not be inferred from the mere act of burning but must be shown from other facts and circumstances present in the case.

5. **Criminal Law § 2— meaning of willful and wanton**

   The words "willful" and "wanton" bear substantially the same meaning when identifying the requisite state of mind for violation of a criminal statute.

"Willful" means the wrongful doing of an act without justification or excuse, or purposely and deliberately in violation of the law.

**6. Arson § 4.2; Property §4— willful burning of personal property —insufficiency of evidence**

The State's evidence was insufficient for the jury in a prosecution for unlawful burning of personal property, a stolen automobile, in violation of G.S. 14-66 where it tended to show only the willful burning of the automobile by defendant but failed to show, other than by the act or burning, any intent by defendant to injure or prejudice the owner of the automobile.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 16 March 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 25 October 1978.

Defendant was indicted for larceny of a motor vehicle, unlawful possession of a stolen vehicle, and unlawful burning of personal property. The State dismissed the charge of larceny of a motor vehicle. Defendant pled not guilty to the two remaining charges and was convicted by the jury. From entry of judgment on the verdict sentencing the defendant to two consecutive five-year terms, defendant appeals.

Facts necessary for this decision are set out in the opinion below.

*Attorney General Edmisten, by Assistant Attorney General Daniel C. Oakley, for the State.*

*Johnson, Gamble and Shearon, by Richard O. Gamble, for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant asserts prejudicial error in the admission of testimony, over objection, which he urges was inadmissible hearsay and which, upon admission, violated defendant's right to confront his accusers. He contends that this testimony was the only evidence on a crucial element of the offense of unlawful possession of a stolen vehicle. The statute defining the offense of unlawful possession of a stolen vehicle provides as follows:

"§ 20-106. *Receiving or transferring stolen vehicles.* — Any person who, with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or

unlawfully taken, receives or transfers possession of the same from or to another, or who has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, is guilty of a felony."

The prosecution, in an effort to prove the negative fact that defendant was not "an officer of the law engaged at the time [of the crime] in the performance of his duty as such officer," questioned an investigating detective. The record discloses the following colloquy:

"Q. Detective Narron have you today checked with people at the Raleigh Police Department to determine whether or not Harvey Lee Murchinson, on the day in question or on the days in question, that is during March of 1977, was a police officer, with the Raleigh Police Department?

A. Yes, sir. I checked.

Q. Was he?

A. He was not.

MR. GAMBLE: Objection to that because he can only know from hearsay, Your Honor.

COURT: Objection is overruled.

EXCEPTION NO. 1

Q. Have you also checked with the Wake County Sheriff's Department?

A. Yes, I have.

Q. And were you able to determine from them whether or not the defendant, Harvey Lee Murchinson, around March of 1977, was a police officer in Wake County?

A. He was not.

MR. GAMBLE: Objection.

COURT: Overruled.

EXCEPTION NO. 2".

The testimony admitted over objection necessarily was based upon hearsay as that term is defined in North Carolina. "Evidence, oral or written, is called hearsay when its probative force depends, in whole or in part, upon the competency and credibility of some person other than the witness by whom it is sought to produce it." Stansbury, N.C. Evidence § 138 (Brandis Rev. 1973) at 458. Although hearsay, such evidence in this context is not intrinsically incredible nor weak in probative force. Such "reliable hearsay" is in some contexts admissible. See G.S. 15A-611(b)(2); see generally Stansbury, supra, § 139. Nevertheless, this testimony falls within none of the well-recognized exceptions to the hearsay rule in North Carolina.

Despite the incompetence of the admitted evidence, it is a fundamental concept of judicial review that error in the admission of evidence does not entitle a defendant to a new trial unless the error has prejudiced the defendant. Unless the error could have influenced the jury and affected the verdict, it is deemed to be harmless and does not entitle a defendant to a new trial. Hines v. Frink, 257 N.C. 723, 127 S.E. 2d 509 (1962); Johnson v. Massengill, 12 N.C. App. 6, 182 S.E. 2d 232 (1971), aff'd., 280 N.C. 376, 186 S.E. 2d 168 (1972).

The evidence complained of could not have affected the verdict of the jury. Whether the defendant was a policeman in the line of duty is not an essential element of the substantive crime. The provision exculpating police officers in the line of duty was apparently placed in the statute out of an abundance of legislative caution. Such a provision may have been thought necessary in light of the fact that the crime charged merely requires possession with knowledge that the vehicle is stolen, not criminal intent. State v. Abrams, 29 N.C. App. 144, 223 S.E. 2d 516 (1976). The clause under consideration is an exception to the statute, not an element of the offense. The majority in State v. Connor, 142 N.C. 700, 55 S.E. 787 (1906), concluded the rule in this State to be as follows:

> ". . . [W]hen a statute creates a substantive criminal offense, the description of the same being complete and definite, and by subsequent clause, either in the same or some other section, or by another statute, a certain case or class of cases is withdrawn or excepted from its provisions, these excepted

cases need not be negative [sic] in the indictment, nor is proof required to be made in the first instance on the part of the prosecution." 142 N.C. at 701, 55 S.E. at 788.

The above decision and dissenting opinions indicate the difficulty in distinguishing between an element of the offense and an exception to the statute. The fact that the evidence is peculiarly within the knowledge of the defendant is an important factor. *See State v. Connor, supra; State v. Johnson,* 188 N.C. 591, 125 S.E. 183 (1924). "[T]he rule and its application depends not so much on the placing of the qualifying words, or whether they are preceded by the terms, 'provided' or 'except'; but rather on the nature, meaning and purpose of the words themselves." *State v. Connor,* 142 N.C. at 702, 55 S.E. at 788. Clearly, as stated above, the purpose of the statute was to exempt law enforcement officers in the performance of their duty. The federal courts have adopted the same rule; *i.e.,* the prosecution need not prove a defendant is not within an exception. *See McKelvey v. United States,* 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301 (1922); *United States v. Paulton,* 540 F. 2d 886 (8th Cir. 1976); *United States v. Chodor,* 479 F. 2d 661 (1st Cir. 1973) (similar statutory exception under 18 U.S.C. § 474); *compare Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1974) and *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575 (1975), *rev'd on other grounds,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed. 2d 306 (1977).

Therefore, even in the absence of any evidence by the State on this aspect of the crime as defined by statute, the jury could not have found defendant to be an officer of the law. There was no evidence to support such a finding. Because the erroneous admission of hearsay testimony was harmless, defendant's first assignment of error is overruled.

Defendant has excepted to and assigned as error the trial court's denial of his motion for nonsuit on both charges at the conclusion of the State's evidence and renewed at the conclusion of all the evidence. Before addressing defendant's argument we note that the scope of review on a motion for nonsuit is properly a narrow one. The motion is properly denied when the evidence, considered in the light most favorable to the State and giving the State the benefit of every reasonable inference to be drawn from that evidence, is sufficient as a reasonable basis for the jury's

finding of defendant's guilt. *State v. Braxton,* 294 N.C. 446, 242 S.E. 2d 769 (1978). Therefore, this Court's function is not to weigh the evidence but to determine if there was sufficient evidence which, if believed by the jury, could support a verdict against the defendant.

[2]   Defendant argues that there was insufficient evidence to support defendant's conviction for illegal possession of a stolen vehicle under G.S. 20-106. Defendant asserts that the record is devoid of any evidence to indicate that he knew or had reason to know that the vehicle was stolen or unlawfully taken. The evidence, taken in the light most favorable to the State, tends to show: that a person resembling the defendant was seen near the stolen vehicle during the daytime just before it was stolen; he was a tall black male with an Afro hairstyle, a beard, and weighed about 150 pounds; that defendant was twice seen alone in a car matching the description of the stolen vehicle at Mt. Pleasant Food Center; that defendant was seen driving a car resembling the stolen vehicle on two separate days near Willow Springs; that a black male who identified himself as Robert or Bob Williams was seen walking back and forth from the passenger area to the trunk of the stolen car while it was burning along the side of the same road near Willow Springs; that defendant was found later in possession of a registration card for the stolen vehicle; and that defendant possessed an identification with the name of Robert Williams.

The state of mind of a defendant in a criminal action must necessarily be proved through inferences to be drawn from the evidence. *State v. Arnold,* 264 N.C. 348, 141 S.E. 2d 473 (1965). It is a rare case that such facts are susceptible of direct proof. G.S. 20-106 requires only that the State prove defendant "knew or [had] reason to believe" that the vehicle in his possession was stolen. No felonious intent is required. The purpose of the statute "is to discourage the possession of stolen vehicles by one who knows it is stolen or has reason to believe it is stolen." *State v. Rook,* 26 N.C. App. 33, 35, 215 S.E. 2d 159, 161 (1975). *See also State v. Abrams, supra.*

[3]   The evidence taken in the light most favorable to the State shows defendant in possession of the stolen vehicle a short time after its theft. Although the larceny charge against defendant

was dismissed by the State, the State nevertheless relies upon the doctrine of possession of recently stolen goods, applicable in larceny cases, to prove defendant's criminal knowledge. The doctrine recognizes a logical inference of fact, not a true legal presumption, which may be drawn from the evidence. *State v. Fair*, 291 N.C. 171, 229 S.E. 2d 189 (1976). In the larceny context, the courts have considered the possession of recently stolen goods as evidence sufficient to justify a denial of a motion for judgment of nonsuit where there are no circumstances tending to destroy the efficacy of the inference. *State v. Eppley*, 282 N.C. 249, 192 S.E. 2d 441 (1972). We think the doctrine is, under appropriate circumstances, similarly applicable to justify a denial of a motion for nonsuit in a case charging illegal possession of a stolen vehicle pursuant to G.S. 20-106. *See e.g., State v. Leonard*, 34 N.C. App. 131, 237 S.E. 2d 347 (1977) (doctrine not applied because of "intervening agency"). Indeed, the inference that the possessor at least knows the vehicle to be a stolen one is stronger than the inference that the possessor is the actual thief. We hold that the inferences drawn from the evidence that tends to establish defendant's possession of the vehicle shortly after its theft are sufficient to withstand defendant's motion for nonsuit.

Defendant also argues that his motion for judgment of nonsuit on the charge of burning of personal property should have been granted because of insufficient evidence that defendant was at the scene of the burning and because there was no evidence of defendant's intent to injure or prejudice the owner of the property. G.S. 14-66 as amended in 1971 provides as follows:

> "§ 14-66. *Burning of personal property.*—If any person shall wantonly and willfully set fire to or burn, or cause to be burned, or aid, counsel or procure the burning of, any goods, wares, merchandise or other chattels or personal property of any kind, whether or not the same shall at the time be insured by any person or corporation against loss or damage by fire, with intent to injury or prejudice the insurer, the creditor or the person owning the property, or any other person, whether the property is that of such person or another, he shall be guilty of a felony and shall, on conviction, be imprisoned in the State's prison for not less than four months nor more than 10 years, and may also be fined in the discretion of the court."

The evidence as summarized above indicates the existence of abundant circumstantial evidence that defendant was the person seen at the car while it was being burned. The case of *State v. Simms*, 208 N.C. 459, 181 S.E. 269 (1935), cited by defendant, is clearly distinguishable on its facts due to the strong evidence in this case placing defendant at the scene of the crime. Although the witness could not positively identify defendant in the dark, a black male identified himself at the scene as Robert Williams and one of many identifications found on defendant bore the name Robert Williams. The name Robert Williams was also given to the arresting officer by defendant and it appeared on the arrest sheet. Furthermore, defendant was identified as having been the driver of the vehicle on the same day that it was seen burning.

[4]  A violation of G.S. 14-66 requires, in addition to the willful and wanton burning of personal property, that the defendant have the specific intent to injure or prejudice the owner of the property. Where specific intent is not an element of the crime, proof of the commission of the crime may be sufficient to infer intent to cause the natural consequences of the act. *State v. Ferguson*, 261 N.C. 558, 135 S.E. 2d 626 (1964). However, where a specific intent is an element of the crime charged, such intent may not be inferred from the mere act itself, but must be shown from other facts and circumstances present in the case. *Id.*

[5, 6]  The words "willful" and "wanton" bear substantially the same meaning when identifying the requisite state of mind for violation of a criminal statute. *State v. Williams*, 284 N.C. 67, 199 S.E. 2d 409 (1973). "Willful" means the wrongful doing of an act without justification or excuse, or purposely and deliberately in violation of the law. *State v. Arnold, supra; see also State v. Clifton*, 152 N.C. 800, 67 S.E. 751 (1910). The State's evidence is sufficient to withstand a motion for nonsuit on this element of the crime. Nevertheless, the statute further requires proof of intent to injure or prejudice the owner of the vehicle. Other than intent to injury inferable from the act of burning itself, which is a legally impermissible inference as pointed out above, there is no other evidence to prove intent to injure or prejudice the owner of the stolen vehicle.

We are not unaware that the above interpretation of the statute places a significant burden upon the State to prove the

requisite intent. Nevertheless, the words of the statute are clear as is the law relative to proof of specific intent. If the legislature had deemed it sufficient to proscribe wanton and willful burning of personal property, it was free to do so. *Cf., Watson Seafood & Poultry Co., Inc. v. George W. Thomas, Inc.*, 289 N.C. 7, 220 S.E. 2d 536 (1975); *State v. Hales*, 256 N.C. 27, 122 S.E. 2d 768 (1961); *State v. Hill*, 31 N.C. App. 733, 230 S.E. 2d 579 (1976). The legislature chose to add the element of intent to injure or prejudice and, until the statute is amended, the State must prove beyond a reasonable doubt such intent. Because there is no evidence other than the act of burning itself, the trial court should have entered the judgment of nonsuit on the charge pursuant to G.S. 14-66.

Because we find the defendant was entitled to a judgment of nonsuit on the charge pursuant to G.S. 14-66, we need not consider defendant's final argument supporting assignments of error Nos. 4 and 5.

As to No. 77-CRS-20787—burning personal property, judgment must be vacated and the charge dismissed.

As to No. 77-CRS-20788—possession of a stolen vehicle, no error.

Judges ARNOLD and ERWIN concur.