State v. Wesson

STATE OF NORTH CAROLINA v. CRAIG WESSON, JR.

No. 7915SC853

(Filed 4 March 1980)

**Arson § 4.2; Property § 4— willful burning of personal property—intent to prejudice or injure owner—sufficiency of evidence**

In a prosecution for the unlawful burning of personal property , a stolen automobile, in violation of G.S. 14-66, the jury could properly find an intent to injure or prejudice the owner or some other person by the burning from the nature of the act—the willful burning of an automobile stolen from a stranger, evidence that defendant poured paint thinner over the interior of the car and set it on fire, and defendant's alleged statement that the automobile should be burned because it was nothing but trash. The holding in *State v. Murchinson*, 39 N.C. App. 163 (1978), that an intent to injure or prejudice the owner of the burned property must be shown by evidence other than the act of burning itself is overruled.

Chief Justice MORRIS and Judge ERWIN concur specially for the purpose of overruling *State v. Murchinson.*

APPEAL by defendant from *Graham, Judge.* Judgment entered 9 May 1979 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 5 February 1980.

Defendant was indicted for burning personal property, a violation of G.S. 14-66. The State presented evidence that in the late evening of 1 April 1978, Dwight Webster found that his white 1965 Chevrolet station wagon was missing from the parking lot of Holly Hill Mall. The next time he saw his car it was "scorched beyond recognition." Webster did not know defendant or his co-defendant Barry Stone.

At about 8 p.m. on 1 April, Steve Conklin saw three boys in the parking lot of Byrd's Supermarket. He went into the store, and when he came out five minutes later he saw a white Chevrolet station wagon on fire at the other end of the parking lot. Conklin identified defendant and Stone as two of the boys he had seen.

James Michael Foster testified under a plea bargain that on the afternoon of 1 April, he, Stone and defendant took a white 1965 Chevrolet station wagon from the parking lot of Holly Hill Mall. They drove around for a while and then parked the car. Defendant poured paint thinner over the interior of the car and set it on fire. Foster said "that the reason the car was burnt was to get rid of the evidence." Foster's statement, given to the SBI the day after the burning, was introduced into evidence. In that statement Foster had indicated that defendant said "they should burn the car and blow it up because it was nothing but trash."

Defendant presented evidence that he was not involved in either the theft or the burning of the automobile, but that both were Foster's doing.

Defendant's motion for dismissal was denied, and he was found guilty and sentenced to two years. He appeals.

*Attorney General Edmisten, by Assistant Attorney General Amos C. Dawson III, for the State.*

*Donnell S. Kelly for defendant appellant.*

ARNOLD, Judge.

Defendant's sole argument on appeal is that he was entitled to a nonsuit because the State failed to present evidence of the specific intent which is an essential element of the crime created by G.S. 14-66. That statute provides in pertinent part: "If any per-

son shall wantonly and willfully set fire to or burn . . . personal property of any kind . . . with intent to injure or prejudice the insurer, the creditor or the person owning the property, or any other person, . . . he shall be guilty of a felony . . . ." G.S. 14-66 was enacted, in substantially its present form, in 1921, and yet prior to our decision in *State v. Murchinson*, 39 N.C. App. 163, 249 S.E. 2d 871 (1978), it appears that our courts had never addressed the question of what evidence was necessary to show the requisite intent. In *Murchinson* we held that the State had sufficiently established that the defendant there was the person seen at the burning car, but we vacated the defendant's conviction under G.S. 14-66 on the ground that the State had presented no evidence that by the burning the defendant specifically intended to injure or prejudice the owner of the vehicle.

We must agree with defendant that *Murchinson* is factually indistinguishable from the present case, and that with *Murchinson* as controlling precedent he is entitled to a nonsuit. In our view, however, we should re-examine our decision in *Murchinson*. Accordingly, to the extent that it is inconsistent with our decision today, our holding in *Murchinson* directed to G.S. 14-66 is expressly overruled.

In *Murchinson*, as here, the question was one of nonsuit, and we relied upon *State v. Ferguson*, 261 N.C. 558, 135 S.E. 2d 626 (1964), for the proposition that where specific intent is an essential element of the crime, the intent may not be inferred from the act itself, but must be shown by "other facts and circumstances" present in the case. A re-examination of *Ferguson*, however, reveals that the proposition as stated does not arise in that case, and that we erred in applying the *Ferguson* holding to the *Murchinson* context.

The defendant in *Ferguson* was charged with assault with a deadly weapon with intent to kill, and on appeal he was awarded a new trial for error in the charge to the jury. The trial court had instructed the jury that every man is presumed to intend any consequence which naturally flows from an unlawful act, and that therefore defendant had the intent to kill at the time he committed the assault. Our Supreme Court pointed out that the defendant, committing the assault, might have had either the intent to kill or the intent to inflict great bodily harm, so that the assault

State v. Wesson

itself would not establish as a matter of law the intent to kill. The defendant's intent "must be found by the jury as a fact from the evidence." *Id.* at 561, 135 S.E. 2d 628. The court went on to say that the intent to kill " ' "may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances." [Cite omitted.]' " *Id.* at 561, 135 S.E. 2d 629. *Ferguson*, then, stands for the proposition that a specific intent may not be presumed *as a matter of law* from the commission of the act itself.

In *Murchinson* we held that while the State had sufficiently established the wilfulness of the burning, "the statute further requires proof of intent to injure or prejudice the owner of the vehicle [and] [o]ther than intent to injury [sic] inferable from the act of burning itself, *which is a legally impermissible inference . . . ,* there is no *other* evidence to prove intent to injure or prejudice the owner of the stolen vehicle." *Supra* at 170, 249 S.E. 2d 876 (emphasis added). The misapplication of *Ferguson* is clear. The *Ferguson* court expressly said that specific intent may be inferred from the nature of the act, and did not per se require evidence other than the act to prove such intent. *Ferguson* held only that specific intent was a *jury question*, and could not be determined as a matter of law from the nature of the act.

In the case sub judice, we find sufficient evidence to go to the jury on the question of intent to injure or prejudice some person by the burning. "Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. Bell,* 285 N.C. 746, 750, 208 S.E. 2d 506, 508 (1974). Circumstances here from which the jury could infer the requisite intent include the nature of the act — the wilful burning of an automobile stolen from a stranger — the manner in which it was done, and defendant's alleged statement that they should burn the car because it was nothing but trash. Though this may not be the strongest fact situation from which a specific intent to injure could be inferred, it is certainly sufficient evidence to allow the jury to make that determination.

In the trial and judgment imposed we find

No error.

Judges PARKER and WEBB concur.

Chief Judge MORRIS and Judge ERWIN concur specially for the purpose of overruling *State v. Murchinson.*