STATE OF NORTH CAROLINA v. RANDY G. CRAVER

No. 8322SC1267

(Filed 2 October 1984)

**1. Searches and Seizures § 23— search warrant—sufficiency of affidavit**

A motion to suppress evidence seized under a search warrant was properly denied where the supporting affidavit stated that the informant was known by the affiant personally and had given information in the past which he had always found to be true; the defendant had been arrested for possession of a Cadillac body and Corvette with serial numbers removed; the informant saw in the described building a Cadillac within the past three days; he saw the same frame at another location having a motor put in it; he advised the affiant that the defendant had a red stolen Cadillac in the building with a specified serial number which had been disassembled, and parts of which were in three places in the building; some citizen informants saw the defendant move two Cadillac frames into the building and some other car frames, and observed entry by the defendant at irregular hours, late at night and early morning; and a police information network check of the serial number supplied by the confidential informant revealed that the Cadillac was a stolen vehicle.

State v. Craver

**2. Automobiles § 134; Receiving Stolen Goods § 1— stolen automobile—possession of disassembled parts**

Defendant was properly tried under the provisions of G.S. 14-71.1, possessing stolen goods, rather than G.S. 20-106, receiving or transferring stolen vehicles, because the automobile had been disassembled, and it was no longer a "device in, upon, or by which any person or property is or may be transported or drawn upon a highway . . . ." G.S. 20-4.01(49).

**3. Criminal Law § 181— motion for appropriate relief—filing after appeal—time limit for filing**

The trial court erred in denying defendant's motion for appropriate relief on the grounds (1) that the motion was filed more than ten days after entry of judgment when less than ten days passed excluding Saturday and Sunday; and (2) that the case had been appealed when G.S. 15A-1414(c) provides that the motion may be made and acted upon whether or not notice of appeal has been given. However, defendant received a fair trial free of prejudicial error and the denial of the motion for appropriate relief was harmless error. G.S. 15A-1414(a), G.S. 15A-1448(a)(4).

**4. Constitutional Law § 67— identity of informant—disclosure not required**

Although the privilege of allowing the identity of an informant to remain confidential is not absolute, defendant did not show that disclosure was essential to a fair determination of his rights under the Fourth and Fifth Amendments, the search was made on the basis of a search warrant showing probable cause, and the informant did not participate in and was not a material witness to the crime; therefore, the court did not err in denying defendant's motion to disclose the informant's identity. G.S. 15A-978(b)(1).

APPEAL by defendant from *Hairston, Judge,* on denial of his motion for appropriate relief and from judgment entered by *DeRamus, Judge.* Judgment entered 3 August 1983 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 29 August 1984.

Defendant Randy Craver was charged with felonious possession of stolen goods with a value in excess of $400.00 in violation of G.S. 14-71.1 after police officers, executing a search warrant, discovered disassembled parts of a stolen vehicle in a building leased by defendant. Prior to trial defendant moved to suppress evidence seized during this search. The trial court denied the motion. Defendant was tried, convicted, received a maximum ten year sentence, and was fined $100,000.00.

*Attorney General Rufus L. Edmisten by Assistant Attorney General William B. Ray for the State.*

*Bruce C. Fraser for defendant appellant.*

HILL, Judge.

On 16 September 1982 Hubert and Audrey Simmons of Columbia Park, Maryland, parked their reddish-maroon 1982 Eldorado Cadillac valued at $21,000.00 in the Holiday Inn parking lot in High Point. It was stolen during the night. The automobile contained a parking permit for "Level A" in the building housing the U.S. Department of Transportation, Federal Aviation Division. Audrey Simmons kept the parking permit near the automobile door by the driver's seat.

By affidavit in the application for the search warrant, Detective Lester Bass swore to the following pertinent facts to establish probable cause for the issuance of a search warrant:

On Jan. 27, 1983 I talked with a person (Source #1) who is known to me personally and has furnished me with information in the past. The source #1 has given information in the past which has always been found to be true and reliable and I have made arrests of persons for various crimes as a result of his cooperation. Source #1 is not a paid police informer.

Source #1 says that Randy Craver is working on cars at the . . . metal building. Source #1 stated that Craver has a reputation for working on stolen cars.

The person also said he saw a Cadillac frame in the building within the last three days and then saw the same frame again at another location having a motor put into it.

. . .

I contacted Source #1 again on Jan. 28, 1983. He said Craver had a stolen Cadillac in the building. He further said the Cadillac was red in color and was able to furnish the serial number; IG6AL578CE634331. He said the vehicle was disassembled and the parts were in several places in the building. He described at least three rooms in which parts of the vehicle could be found.

On Jan. 28, 1983 at 19:37 hrs. I entered the above serial number into the Police Information Network for inquiry. . . . The system showed the vehicle reported stolen on Sept. 17, 1982 at the Greensboro Police Dept. in Greensboro, N.C. . . .

[T]he owner of the vehicle [is] Hubert V. & Audrey L. Simmons.

**[1]** The defendant first contends that the trial court erred in denying his motion to suppress evidence acquired under the search warrant. In order for a valid search warrant to issue, the issuing official must find the existence of probable cause. G.S. 15A-245. Probable cause for the issuance of a search warrant is satisfied when the applicant can show reason to believe that contraband or illegal activity exists in the specified place to be searched. *State v. McLeod*, 36 N.C. App. 469, 244 S.E. 2d 716, *disc. rev. denied*, 295 N.C. 555, 248 S.E. 2d 733 (1978). In addition, if an unidentified informant has supplied all or part of the information contained in the affidavit supplementing the application for a search warrant, some of the underlying facts and circumstances which show the informant is credible or that the information is reliable must be set forth before the issuing officer. *State v. Hayes*, 291 N.C. 293, 230 S.E. 2d 146 (1976); see also *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964). The standard for determining probable cause for issuance of a search warrant based on information from informants is "the totality of the circumstances analysis that traditionally has informed probable cause determinations." *Illinois v. Gates*, 462 U.S. 213, ---, 103 S.Ct. 2317, 2332, 76 L.Ed. 2d 527, 548, *reh'g denied*, --- U.S. ---, 104 S.Ct. 33, 77 L.Ed. 2d 1453 (1983); *State v. Arrington*, 311 N.C. 633, 319 S.E. 2d 254 (1984).

The "totality of the circumstances analysis" which mandates a "practical, common sense" determination of probable cause leads us to believe that there was sufficient evidence of the presence of illegal activity as the informant indicated to support issuance of the warrant. The affidavit stated that the informant was known by the affiant personally and had given information in the past which he had always found to be true; the defendant had been arrested for possession of a Cadillac body and Corvette with serial numbers removed; the informant saw in the described building a Cadillac within the past three days; he saw the same frame at another location having a motor put in it; he advised the affiant that the defendant had a red stolen Cadillac in the building with a specified serial number which had been disassembled, and parts of which were in three places in the building;

some citizen informants saw the defendant move two Cadillac frames into the building and some other car frames, and observed entry by the defendant at irregular hours, late at night and early morning; and a police information network check of the serial number supplied by the confidential informant revealed that the Cadillac was a stolen vehicle. The affidavit is replete with underlying circumstances from which probable cause to believe illegal activity existed could be found. Considering the totality of the circumstances analysis set forth in *Gates* and adopted in North Carolina in *Arrington,* the trial court correctly denied defendant's motion to suppress.

[2] Defendant next contends the trial judge erred in denying defendant's motion to be tried under the provisions of G.S. 20-106 rather than G.S. 14-71.1. The elements of a violation of G.S. 14-71.1 are: (1) possession of personal property, (2) which has been stolen, (3) the possessor knowing or having reasonable grounds to believe the property was stolen, and (4) the possessor acting with a dishonest purpose. *State v. Perry,* 305 N.C. 225, 287 S.E. 2d 810 (1982); *State v. Davis,* 302 N.C. 370, 275 S.E. 2d 491 (1981). The elements of a violation of G.S. 20-106 are: (1) possession of a vehicle, and (2) the possessor knowing or having reason to believe the vehicle has been stolen or unlawfully taken. *State v. Murchinson,* 39 N.C. App. 163, 249 S.E. 2d 871 (1978).

In this case, the automobile had been disassembled, and it was no longer a "device in, upon, or by which any person or property is or may be transported or drawn upon a highway . . . ." G.S. 20-4.01(49). The evidence included the discovery of a Cadillac frame, engine, and transmission having serial numbers which matched the serial numbers of the Simmons' stolen Cadillac, along with the discovery of Audrey Simmons' parking permit. Various reddish-maroon Cadillac parts were found elsewhere in the building, and a reddish-colored body of a Cadillac was discovered suspended from a chain hoist. The disassembly of the vehicle under the facts of this case is evidence of a violation of G.S. 14-71.1. This assignment of error is overruled.

[3] By his next assignment of error, defendant contends the trial court erred in denying his motion for appropriate relief. Judgment was entered against defendant on Wednesday, 3 August 1983. He gave notice of appeal on the same day. On Monday, 15

August 1983, defendant filed his motion for appropriate relief. The trial court denied the motion on two grounds: (1) that the motion was filed more than ten days after the entry of judgment; and (2) that the case had been appealed to the Court of Appeals, and the superior court no longer had jurisdiction. Clearly the trial judge erred in both his reasons for denial of the motion. Excluding Saturday and Sunday between the date of entry of judgment and the date of filing the motion for appropriate relief, the motion was filed within the ten day period of G.S. 15A-1414(a). And G.S. 15A-1414(c) provides that the motion may be made and acted upon in the trial court whether or not notice of appeal has been given.

Although we find the grounds for denying the motion for appropriate relief to be in error, we conclude such error to be harmless. If there has been no ruling by the trial judge in a motion for appropriate relief within ten days after motion for such relief has been made, the motion shall be deemed denied. G.S. 15A-1448(a)(4). We have addressed defendant's motion in this appeal and conclude that he received a fair trial free of prejudicial error.

[4] Defendant next contends the court erred in denying the defendant's motion to disclose the identity of the confidential informant, alleging that such disclosure was essential to a fair determination of his cause of action and to his defense. The privilege of allowing the identity of an informant to remain confidential is not absolute. When an accused can show that disclosure is essential to a fair determination of defendant's rights under the Fourth and Fifth Amendments, nondisclosure is rendered erroneous. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957); see also G.S. 15A-978(b). This the defendant has failed to do. Therefore, since the search was made on the basis of a search warrant showing probable cause and the informant did not participate in and was not a material witness to the crime, the court did not err in denying defendant's motion to disclose the informant's identity. G.S. 15A-978(b)(1); *State v. Ketchie*, 286 N.C. 387, 211 S.E. 2d 207 (1975). This assignment of error is overruled.

We have reviewed defendant's remaining assignments of error and find them to be without merit. Defendant received a fair trial, free of prejudicial error.

No error.

Judges BECTON and BRASWELL concur.